L. P. HORNTHAL v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 16 September, 1914.)

1. **Appeal and Error—Record—Trials—Instructions—Exceptions—Presumptions—Supreme Court—Discretionary Powers.**

   When exceptions are taken to the refusal of the trial judge to give proper instructions of law upon the evidence and issues in controversy, which were duly requested, it must appear of record that these instructions were not substantially given in the charge; and when the record does not set out the charge it will be presumed that the court correctly charged the law applicable to the case, though the Supreme Court, acting under its discretionary powers, may order the charge to be sent up when it thinks that a clear miscarriage of justice may thereby be prevented.

2. **Carriers of Goods—Live Stock—Improper Cars—Approved and General Use—Weather Conditions—Rule of Prudent Man—Negligence.**

   The defendant railroad company used for the transportation of the plaintiff's horse an open slat car, the slats being 4 or 5 inches apart, and the evidence was conflicting as to whether the weather was bitter cold·

and penetrating, or mild and balmy. There was evidence that the shipment was delayed for several hours, and that the horse contracted pneumonia and shortly afterwards died of the disease; and also that the car was one approved and generally used for the purpose of such shipments. *Held*, the carrier is required to exercise due care, under the rule of the prudent man, according to the existing circumstances, in the selection of a proper car for the shipment, and will not be exempted from liability solely for the reason that the car was such as is generally used under ordinary conditions for such shipment, as this may not be the equivalent of the proper care required.

APPEAL by defendant from *Ferguson, J.,* at June Term, 1914, of WASHINGTON.

*Ward & Grimes for plaintiff.*
*W. M. Bond, Jr., and Small, McLean, Bragaw & Rodman for defendant.*

WALKER, J. This action was brought to recover damages for the death of a horse, alleged to have been caused by the negligence of the defendant in shipping it from Norfolk, Va., to Plymouth, N. C., via Mackey's Ferry, N. C., in March, 1911. The horse was carried between those points in an open slatted car, the slats being 3 to 4 inches apart. The weather was bitter cold and the horse contracted pneumonia, on account of the exposure, soon after he was delivered to plaintiff at Plymouth, and shortly thereafter he died of the disease. The train should have arrived at Plymouth, according to its regular schedule, not later than 11 o'clock a. m. the next day, whereas it reached there at 3 o'clock p. m., being delayed about four hours, which prolonged the exposure to the cold. The horse, in order to preserve its health, should have been sent in a closed car, because of the severe weather at the time. This was the substance of plaintiff's evidence.

Defendant offered evidence tending to show that the weather was mild and the car a proper one for the shipment; that the train carrying the car left Norfolk 23 March, at 10:30 o'clock in the night, and arrived at Mackey's Ferry at 5:40 o'clock the next morning, and the ferry is 9 miles from Plymouth. It was a through train and did not stop at Plymouth, so that the car in which the horse was shipped had to be set off at the ferry until it could be taken to Plymouth. It was coupled to the train which left the ferry at 11:20 o'clock a. m. on 24 March.

Defendant requested several special instructions, which were denied. The charge is not in the record, and it does not, therefore, appear what instructions were given to the jury by the presiding judge. He may have refused the instructions, in the form requested, and yet have given

them substantially in the charge, which, under the circumstances, should have been sent to this Court, and is essential to a proper decision upon the merits, if we really thought that any serious principle of law is involved. If we so regarded the case, we would direct the charge, or the substance of it, to be sent up, in the exercise of our discretionary power, so that a clear miscarriage of justice might be prevented, for we cannot assume that the learned judge could have missed the law in such a plain and simple case. All presumptions are in favor of the rulings below, and the appellant must show error, if any was committed. There is no exception to the charge of the court, and we, therefore, assume that it was correct. *Carroll v. Smith,* 163 N. C., 204.

The furnishing of a car "in general and approved use," as stated in the prayer of defendant, did not fully discharge defendant from liability, as we have recently held. It is only a part of the obligation to carry safely, and the car must, moreover, be reasonably fit and suitable for the particular service, in the exercise of the degree of care which the law requires of the carrier. A car in general use may not be a proper one for the particular shipment, when the special circumstances and surroundings, condition of the weather, length of the journey, and other pertinent facts are considered. *Ainsley v. Lumber Co.,* 165 N. C., 122; *Kizer v. Scales Co.,* 162 N. C., 133. To acquit a master or carrier of liability simply because the implement or car employed was "approved and in general use" might shut out the consideration of negligence in other respects. It is his duty to use such cars or implements as are generally approved and in general use; but this is not all of it. Something more is exacted of him by the law. Whatever is done in any ordinary service must, at least, be reasonably adapted to its plain requirements, such as would appear to a man of ordinary care and prudence to be suggested by the special facts and circumstances of the particular case. He cannot easily go astray in this regard, if he follows the plain dictates of ordinary prudence, not being required to act sagaciously always, but to give that degree of attention and care to the matter which the ordinarily prudent man would give if it were an affair of his own and his personal interests were involved. He should, in other words, do unto others as he would that they should do unto him.

But we need not rest the decision upon any particular consideration of the prayers, as we are of the opinion that the case, in its substance, presented only an issue of fact, which seems to have been correctly answered by the jury, and fairly submitted to them. The real question concerned more the condition of the weather than anything else. Was it bitter cold and penetrating, as contended by the plaintiff, or was it mild and balmy as a spring day, as asserted by defendant? This was a question of fact, and not one of law. The jury evidently found with the

plaintiff upon this question, and concluded, under the charge of the court as to the general rule of liability, that a prudent carrier would not have shipped a horse in such a car, under such circumstances.

There is no reversible error in the case.

No error.