STEPHENVILLE NORTH & SOUTH TEXAS RY. CO. v. GRIER. (No. 5475.)

(Court of Civil Appeals of Texas. Austin. May 5, 1915.)

1. PARTIES &—27—ACTIONS—JOINDER OF PARTIES.

In an action against a railroad ticket agent to recover money converted to his own use, the surety company which had guaranteed the railroad against loss by the agent's defalcation was properly joined as a party defendant, to avoid multiplicity of suits.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 35; Dec. Dig. &—27.]

2. APPEAL AND ERROR &—1073—HARMLESS ERROR—FORM OF JUDGMENT.

In an action against a railroad ticket agent to recover money converted to his own use,

where the jury found that the plaintiff was indebted to the defendant in the amount claimed by plaintiff, and there was judgment that plaintiff recover nothing against defendant, the jury's failure to pass on the claim against defendant was not reversible error, since the plaintiff suffered no injury thereby.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4240–4247; Dec. Dig. ☞1073.]

**3. TRIAL ☞252—ISSUES—EVIDENCE.**

In an action against a railroad ticket agent to recover money converted by him to his own use, with cross-action by the agent for the same amount, a charge that defendant might recover for his services if he was employed by an agent of an express company to serve as agent for the plaintiff under the promise that plaintiff would pay him for his services, and plaintiff with full knowledge of such contract ratified it, was reversible error, where there was no evidence raising the issue as to such ratification.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. ☞252.]

Appeal from Hamilton County Court; J. L. Lewis, Judge.

Suit by the Stephenville North & South Texas Railway Company against J. D. Grier and another, with cross-action by defendant Grier against the Wells Fargo Express Company, etc. Judgment for defendant Grier, and plaintiff appeals. Reversed and remanded for new trial.

Marshall Ferguson, of Stephenville, for appellant. Langford & Chesley, of Hamilton, for appellee.

JENKINS, J. Appellant brought suit against J. D. Grier for $537.85, alleged to be for money received by the appellee as ticket agent, and converted to his own use. Appellant also sued the American Surety Company, alleging that it had guaranteed appellant against loss by reason of defalcation on the part of said Grier as such agent. Grier answered, alleging an indebtedness to him by appellant for services as such ticket agent in the sum of $537.85, due upon contract and also upon quantum meruit. Grier also, by cross-action, made the Wells Fargo & Co. Express a party defendant, alleging that the agent of said company had agreed with appellee at the time of his employment that the appellant would pay him $20 per month for his services as ticket agent. The Express Company filed both a general and special exception to appellee's cross-action, which were sustained. No error is assigned as to such action.

[1] The Surety Company filed a plea of misjoinder of causes of action, which was sustained and to which action of the court appellant excepted, and has assigned error thereon. We sustain said assignment of error. The alleged cause of action against the Surety Company relates to the same transaction upon which appellant's cause of action is founded against Grier, viz., his defalcation as ticket agent. It has frequently been declared to be the policy of our system of procedure to avoid multiplicity of suits, and to settle in one suit all matters between the same parties, or concerning the same subject-matter. Skipwith v. Hunt, 94 Tex. 322, 60 S. W. 423; Clegg v. Varnell, 18 Tex. 294; Ft. Worth v. Allen, 31 S. W. 235.

We are not called upon to say whether or not appellant's petition as against the Surety Company, is good on demurrer. That issue is not before us. The only thing that we decided as to the joinder of the Surety Company is that it is a proper party defendant to appellant's cause of action upon proper allegations as to its liability for the defalcation of Grier.

[2] The jury found that the appellant was indebted to the appellee in the sum of $537.85. The jury returned no verdict as to what, if anything, the appellee owed appellant. The undisputed evidence showed that appellee had retained $537.85 of money belonging to appellant and received by him as its ticket agent. The court rendered judgment that the appellant take nothing by its suit against appellee, but that he go hence without day. Appellant will not be heard to complain of the jury's not having passed on its claim against appellee, inasmuch as the court found that appellant was entitled to recover of appellee all that it claimed, which was the exact amount that the jury found that appellant owed appellee for his services; and, had the jury made a specific finding that appellee was indebted to appellant in the sum of $537.85, which was the full amount of its claim, and also have found, as they did, that appellant was indebted to appellee in a like amount for his services, no judgment could properly have been rendered on such verdict other than that which was rendered. A case will not be reversed for an error committed on the trial of such case, where it is apparent that the complaining party suffered no injury by reason thereof.

This also disposes of appellant's second assignment of error. The requested charge should have been given, but the refusal of the court to give the same was harmless error, for the reason above stated.

[3] The charge complained of in the fourth assignment of error, wherein the jury were instructed to find that the defendant was entitled to recover for his services, if he was employed by the agent of the Express Company to serve as agent for the appellant, under a promise that appellant would pay him $20 a month for such services, and that appellant, with full knowledge of such contract, ratified the same, should not have been given, for the reason that the evidence was not sufficient to raise the issue as to such ratification. The giving of this charge constitutes reversible error.

Appellant's fifth assignment of error that the verdict of the jury is not supported by the evidence must also be sustained. Under

the uncontradicted testimony, the appellee was not entitled to recover any amount on his cross-action.

For the reasons stated, the judgment of the trial court is reversed, and this cause is remanded for a new trial.

Reversed and remanded.

---

⚫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes