FOREST CITY BUILDING AND LOAN ASSOCIATION v. W. J. DAVIS
AND MASSACHUSETTS BONDING AND INSURANCE COMPANY.

(Filed 11 May, 1927.)

**1. Judgments—Principal and Surety—Appeal and Error.**

The surety on a bond has the right to judgment against the principal thereon as the one primarily liable, and a judgment against him alone in plaintiff's favor is erroneous.

**2. Appeal and Error—Rehearing—Judgments—Principal and Surety.**

Where it is made to appear that the surety on a bond has not been given a judgment against its principal, and it is necessary for the protection of its legal rights, and upon his exception duly entered the Supreme Court on appeal has inadvertently omitted to pass on this exception, his petition to rehear upon this point will be granted and the proper relief afforded.

PETITION of Massachusetts Bonding and Insurance Company to rehear the appeal in the above-entitled action.    Petition allowed.

*Flowers & Boyd for petitioner.*

CONNOR, J.   The above-entitled action was tried at October Special Term, 1925, of the Superior Court of Rutherford County.

From judgment rendered upon the verdict, both defendants appealed to the Supreme Court.   This appeal was heard at Spring Term, 1926. Defendants' assignments of error were not sustained. The judgment recovered by plaintiff against both defendants was affirmed.   192 N. C., 108.

Petitioner, Massachusetts Bonding and Insurance Company, now contends that this Court failed to consider and pass upon the assignment of error based upon defendants' exception to the judgment.   It contends that there was error in the form of the judgment, in that it does not appear therein that judgment was rendered against it as surety for its codefendant, W. J. Davis.   It appears from the petition to rehear that the petitioner has paid the judgment rendered against it.   It now asks that the judgment be modified to the end that it may have judgment against defendant W. J. Davis, principal, for the amount so paid.

Whether, upon the record, such modification is necessary, in order that petitioner may have the relief to which it is entitled as surety need not be discussed.   Petitioner is clearly entitled to judgment against its codefendant, W. J. Davis, as principal for the amount which plaintiff has recovered against it as surety on his bond.   It is ordered that the judgment be modified in accordance with the prayer of petitioner.

The judgment, as thus modified, is affirmed.

Petition allowed.