HENRY MAYNARD AND WIFE, DESSIE MAYNARD, v. GENEVA MARTIN HOLDER, WIDOW, GRACIE HOLDER JONES AND ROBERT JONES, HER HUSBAND, ET AL.

(Filed 30 April, 1941.)

1. Appeal and Error § 21—

When the charge of the court is not contained in the record, it will be assumed on appeal that it is free from prejudicial error.

**2. Boundaries § 9c—While witness may not testify as to declarations of interested party as to corner, she may testify that she there saw natural object.**

Testimony of a defendant, who claimed an interest in the *locus in quo* under the will of her deceased husband, that her husband had shown her the corners, was excluded, but she was permitted to testify that she saw a rock buried in the ground at the place which defendants contended was the corner of their land. *Held:* The court properly excluded testimony which would violate the rule that declarations as to boundaries are not competent unless made *ante litem motam* by a disinterested party since deceased, and the testimony admitted is relevant and competent, since defendants contended that the rock referred to was the terminus of the disputed line between the tracts of land of the plaintiffs and defendants.

**3. Appeal and Error § 6g—**

An appellant may not successfully contend that the court erred in refusing his motion to strike certain testimony which appellant himself has elicited from an adverse witness on cross-examination.

**4. Appeal and Error § 29—**

Exceptive assignments of error in support of which no argument is stated or authority cited in appellant's brief are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

APPEAL by plaintiffs from *Harris, J.,* at September Term, 1940, of WAKE.

This is an action to remove a cloud upon the title to a triangular shaped tract of land about 66 feet wide at the base and 1,605 feet long, alleged to lie on the northern boundary of the plaintiffs' land and on the southern boundary of the defendants' land.

The jury answered the issues in favor of the defendants, and from judgment predicated on the verdict the plaintiffs appealed, assigning errors.

*John W. Hinsdale and Stanley Seligson for plaintiffs, appellants.*
*Douglass & Douglass for defendants, appellees.*

SCHENCK, J. The charge of the court is not contained in the record and is therefore assumed to be free from prejudicial error. *Hornthal v. R. R.,* 167 N. C., 627, 82 S. E., 830.

The assignments of error brought forward in the brief of the plaintiffs, appellants, are all addressed to the admission of certain testimony over objection of the plaintiffs.

The first exceptive assignment of error is addressed to a portion of the testimony of Mrs. Geneva Martin Holder, one of the defendants, and widow of T. Quincy Holder, by whose will she claimed a life estate in the land in controversy, and appears from the following excerpt from the record:

"Q. Who showed you the corners? A. My husband. Objection—Sustained. Mr. Douglass: Q. Did you make any observations of your own at the corners? Objection. Q. Do you know where the southwest corner of that 30-acre tract is? The Court: Q. If you know of your own knowledge. Mr. Douglass: Q. And what you saw there with your own eyes. Objection—Overruled—Exception. Exception No. 1. Q. Don't state what anybody said, just what you saw. A. I saw a rock buried in the ground about that long (indicating). Q. Do you know of your own knowledge when that rock was buried there with respect to the time your husband bought this tract of land? A. I do."

The only portion of the testimony to which the exception seems to apply is the answer of the witness, "I saw a rock buried in the ground about that long (indicating)." This testimony was both material and competent, since it was the contention of the defendant that the rock referred to was the terminus of the disputed line between the tracts of land of the plaintiffs and of the defendants. The ruling of the court did no violence to the well established principle of law that declarations as to boundaries are not competent unless made *ante litem motam* by a disinterested party since deceased. What the late husband of the witness told her was definitely excluded, and only what she saw and knew of her own knowledge was testified to by her. This assignment cannot be sustained.

The second exceptive assignment of error is addressed to the refusal of the court to strike a portion of the testimony of Mrs. Geneva Martin Holder, a witness for the defendants, elicited on cross-examination by counsel for plaintiffs, appellants. Manifestly, such an assignment cannot be sustained. A ruling to the contrary would be to allow the appellants to profit by their own wrong.

The third exceptive assignment of error is addressed to the refusal of the court to strike a portion of the testimony of the defendants' witness, D. S. Wall, shown by the following excerpt from the record: "Q. You wouldn't know where the corners were unless they were showed to you by Mr. Quincy Holder? A. Yes, sir. Q. How would you know it? A. By the way the line was run. Q. You mean to tell the jury you can get on a line and walk two or three hundred yards and locate a corner? A. I can if I stay on it a year. Q. How? A. I worked on it a year. Q. Mr. Quincy Holder showed you the corners? A. I didn't say he didn't. Q. He did? A. Yes. Q. He was the first man who showed them to you? A. I reckon he was. Q. Up to the time he showed them to you you didn't know where they were? A. I knew (they were) bound to run near to it, according to the way I farmed. Q. Up to the time he showed you you didn't know where they were? A. No, sir."

This evidence was elicited by the counsel for the plaintiffs, appellants, on cross-examination, and therefore cannot be made the basis for a successful assignment of error for the refusal to grant a motion to strike lodged by the party who elicited it.

No reason or argument is stated or authority cited in the appellants' brief to sustain the fourth and fifth exceptive assignments of error in the record and are therefore taken as abandoned. Rule 28, Rules of Practice in the Supreme Court. 213 N. C., 825.

No error.