C. H. JONES AND MRS. C. H. JONES v. JONES LEWIS FURNITURE COMPANY.

(Filed 16 December, 1942.)

**1. Pleadings § 15—**

> While it is provided by statute that in construction of a pleading for the purpose of determining its effect, the allegations therein shall be liberally construed with a view to substantial justice between the parties, C. S., 535, the complaint must state a cause of action, and the court will not construe into a pleading that which it does not contain.

**2. Same: Sales § 14—**

> In an action to recover for breach of an express warranty, where the complaint alleges that defendant's salesman guaranteed that a second-hand bed was free of bugs, and relying thereon plaintiff purchased the bed which was infested with bugs, a demurrer *ore tenus* to the complaint for that it does not state a cause of action, C. S., 518, made in this Court is allowed.

APPEAL by defendant from *Olive, Special Judge,* at 1 June, 1942, Term of GUILFORD.

Civil action to recover for alleged breach of express warranty.

Plaintiffs in their complaint, in pertinent part allege:

"3. That on or about May 10, 1941, the plaintiffs purchased from the defendant, and the defendant sold to the plaintiffs, one wine colored sofa-bed for the sum of $16.43.

"4. That at the time of the sale the defendant's salesman explained to the plaintiffs that the bed was a second-hand article; that thereupon the plaintiffs inquired of the defendant's salesman if the bed were free of bedbugs, stating that unless it were free of bugs they were not interested in purchasing it; that the defendant's salesman and employee guaranteed to plaintiffs that the bed was free of bugs; that, relying upon said guarantee, the plaintiffs purchased the bed."

STATE v. PHILLIPS.

Plaintiff further alleges that in fact "the bed was infested with bugs," and thereby the warranty was breached to their humiliation and damage.

Defendant, in answer filed, admits the sale of the "sofa-bed" to plaintiffs, but denies other material allegations.

Upon trial below there was judgment on verdict for plaintiffs. Defendant appeals therefrom to Supreme Court and assigns error.

*T. J. Hill and York & Boyd for plaintiffs, appellees.*
*Hoyle & Hoyle for defendant, appellant.*

WINBORNE, J. Demurrer *ore tenus* to the complaint for that it does not state facts sufficient to constitute a cause of action, C. S., 518, interposed in this Court by defendant, is well taken.

It is contended, and it so appears, that there is no allegation that the defendant made any warranty. The allegation is that "defendant's salesman and employee guaranteed," and "relying upon said guarantee, the plaintiffs purchased the bed." This is far from alleging that the defendant made the warranty.

While it is provided by statute in this State that in the construction of a pleading for the purpose of determining its effect, the allegations therein shall be liberally construed with a view to substantial justice between the parties, C. S., 535, the complaint must allege a cause of action, and the Court will not, under this rule, construe into a pleading that which it does not contain. McIntosh, N. C. P. & P., p. 373, section 369.

Demurrer sustained.