SCOTT DILLINGHAM v. MINNIE LEVY KLIGERMAN and Husband, A. J.
KLIGERMAN, OSCAR PITTS, ELON SMAWLEY, LAURA L. PENLEY,
E. F. VESS, JERRY CALDWELL, WILLIAM C. BRIGHT and ARCHIE
L. SURRETT.

(Filed 19 March, 1952.)

**1. Vendor and Purchaser § 23—**

In an action for specific performance of a contract of sale of real estate
or for damages in lieu thereof, demurrer of those defendants other than
vendors is properly sustained in the absence of allegation that they have
or claim any interest in the land or that they were in anywise obligated to
plaintiff, certainly where it appears of record that the contract of the *feme*
vendor, who owned the land, had not been acknowledged.

**2. Pleadings § 19c—**

The rule that a pleading will be liberally construed upon demurrer does
not permit the court to construe into the pleading that which it does not
contain. G.S. 1-151.

**3. Appeal and Error § 29—**

An exception not discussed in appellant's brief and in support of which
no authority is cited, will be deemed abandoned. Rule of Practice in the
Supreme Court No. 28.

APPEAL by plaintiff from *Bennett, Special Judge,* December Term,
1951, of BUNCOMBE.

Civil action by the plaintiff for specific performance of alleged contract
for the sale and purchase of real estate, or for damages in lieu thereof,
heard on demurrers *ore tenus* for failure of the complaint to state facts
sufficient to constitute a cause of action.

It appears from the complaint that the action is predicated upon a
contract allegedly made between the plaintiff and the defendant Minnie
Levy, widow (now Minnie Levy Kligerman), registered in the Public
Registry of Buncombe County, by the terms of which it is alleged that
the *feme* defendant Kligerman contracted and agreed to convey to the
plaintiff for a named consideration certain real estate therein described.
The contract is incorporated in the complaint by reference.

When the case came on for trial, the defendants, who had previously
filed answers, demurred *ore tenus* to the complaint on the ground that it
fails to state facts sufficient to constitute a cause of action as to each of
the defendants. Following the hearing, the court entered judgment over-
ruling the separate demurrers of the defendants Minnie Levy Kligerman
and husband, A. J. Kligerman, but sustaining those of the other defend-
ants, namely: Oscar Pitts, Elon Smawley, Laura L. Penley, E. F. Vess,
Jerry Caldwell, William C. Bright and Archie L. Surrett, and as to these
defendants canceling the notice of *lis pendens* filed in the Clerk's office
and dismissing the action.

To so much of the judgment as sustains the demurrers of Oscar Pitts and the other named defendants and as to them cancels the *lis pendens* and dismisses the action, the plaintiff excepted and appealed.

*Scott Dillingham, plaintiff, appellant, in propria persona.*

*Shuford, Hodges & Robinson for defendants Oscar Pitts and Elon Smawley, appellees.*

*Narvel J. Crawford for other defendants, appellees.*

JOHNSON, J.   There is no allegation in the complaint that any one of the defendants whose demurrers were sustained has or claims any interest in the lands referred to in the complaint, nor that any one of these defendants is in anywise obligated to the plaintiff.   It nowhere appears on the face of the complaint that the plaintiff is entitled to relief of any sort against any of these defendants.   Besides, it appears upon the face of the record that there was no acknowledgment or proof of the execution of the contract by Mrs. Minnie Levy (now Mrs. Minnie Levy Kligerman), the seller who allegedly contracted to convey the disputed lands to the plaintiff.   Therefore, the court properly sustained the demurrers filed by the appellees.   As to them, the complaint was wholly insufficient to allege a cause of action.   The statute (G.S. 1-151) which requires liberal construction in favor of the pleader, neither requires nor permits the court to construe into a pleading that which it does not contain.   *Jones v. Furniture Co.,* 222 N.C. 439, 23 S.E. 2d 309; *Bank v. Gahagan,* 210 N.C. 464, 187 S.E. 580.

The question whether on demurrer sustained the action was dismissed prematurely is not presented for decision.   This question, if raised by the exception to the judgment, not being discussed in appellant's brief nor supported by authority, will be treated as abandoned.   Rule 28, Rules of Practice in the Supreme Court, 221 N.C. 562 *et seq.*   See also *Gray v. Cartwright,* 174 N.C. 49, top p. 52, 93 S.E. 432; *S. v. Howley,* 220 N.C. 113, 16 S.E. 2d 705; *Maynard v. Holder,* 219 N.C. 470, 14 S.E. 2d 415.

Affirmed.