MRS. MARY E. STRICKLAND, GEORGE STRICKLAND AND WIFE, LEE STRICKLAND; HERMAN STRICKLAND AND WIFE, LILLIAN STRICK-LAND; GARLAND STRICKLAND AND WIFE, FLORA STRICKLAND; MAJOR STRICKLAND AND WIFE, LUCILLE STRICKLAND; BESSIE STRICKLAND (UNMARRIED); CALLIE STRICKLAND (UNMARRIED); MARY S. REGISTER AND HUSBAND, B. R. REGISTER; EFFIE S. ADAMS AND HUSBAND, BRAXTON ADAMS; ESSIE S. HOWELL AND HUSBAND, B. D. HOWELL; MAYBELLE S. PRICE AND HUSBAND, SIMP-SON PRICE; KATTIE S. CREECH AND HUSBAND, ROBERT CREECH, v. LIZZIE KORNEGAY AND LAMONT KORNEGAY.

(Filed 13 October, 1954.)

**1. Judges § 2b—**

Where a cause comes on to be heard at a term of court presided over by an emergency judge duly commissioned, and the parties agree that the court should find the facts and render judgment thereon out of term and out of the county, judgment so rendered is within the jurisdiction of the emergency judge, since the judge, having acquired jurisdiction in term, had power to sign the judgment out of term and out of the county by consent of the parties.

**2. Boundaries § 6—**

The statutory direction that processioning proceedings be brought orig-inally before the clerk is not jurisdictional, and the parties may agree that the cause be heard and determined in the first instance by the presiding judge.

**3. Appeal and Error § 29—**

Exceptions not brought forward and discussed in the brief are deemed abandoned.

APPEAL by defendants from *Grady, Emergency Judge,* at March Term, 1954, of WAYNE.

Processioning proceeding under G.S. 38-1 *et seq.,* to locate disputed boundaries between adjoining property owners, heard below on waiver of jury trial by the presiding Judge, who found facts and entered judgment substantially in accord with the plaintiffs' contentions.

From the judgment so entered, the defendants appeal.

*J. Faison Thomson & Son and George R. Britt for plaintiffs, appellees.*
*Jones, Reed & Griffin for defendants, appellants.*

JOHNSON, J.   This cause was heard during the second week of the Wayne term of court which convened 1 March, 1954.   By stipulation of the parties, it was agreed "that the presiding Judge might sit without a jury, hear the evidence, find the facts and enter judgment thereon, out of term and out of the county, to have the same effect as if entered during the term."   Thereupon Judge Grady proceeded to hear the evidence offered by each side.   It consisted of the testimony of eighteen witnesses and various documents.   At the conclusion of the trial Judge Grady returned to his home at Pine Crest on the Neuse, in Craven County, where on 12 March, during the week of the trial, he prepared and signed the judgment.

The defendants, represented in this Court by counsel who did not appear below, now contend, notwithstanding their agreement that Judge Grady might enter judgment out of term and out of the county, that he was without jurisdictional power to so enter judgment.   The defendants cite and rely upon the provisions of Chapter 88, Session Laws of 1951, now codified as G.S. 7-52, which defines and fixes the jurisdiction of emergency judges as follows:

"Emergency superior court judges are hereby vested with the same power and authority in all matters whatsoever, in the courts in which they are assigned to hold, that regular judges holding the same courts would have.   An emergency judge duly assigned to hold the courts of a county or judicial district shall have the same powers in the district in open court and in chambers as the resident judge or any judge regularly assigned to hold the courts of the district would have, *which jurisdiction in chambers shall extend until the term is adjourned or the term expires by operation of law, whichever is later.*"   (Italics added.)

The defendants, relying on the language of the statute italicized above, contend that Judge Grady's jurisdiction ended with the adjournment or termination of the term of court which he was assigned to hold.   The contention is untenable.   True, under the language of the statute the "in chambers" jurisdiction of an emergency judge extends only until the

adjournment or termination of the term of court he is assigned to hold, but the statute places no such limitation on the "in term" jurisdiction of an emergency judge. In the case at hand Judge Grady acquired jurisdiction in term time. Having so acquired jurisdiction, he, by consent, had full power to sign the judgment out of term and out of the county. *Shepard v. Leonard,* 223 N.C. 110, 25 S.E. 2d 445; *Edmundson v. Edmundson,* 222 N.C. 181, 22 S.E. 2d 576.

Next, the defendants contend that this being a processioning proceeding brought under G.S. 38-1 *et seq.,* the clerk of the Superior Court had exclusive original jurisdiction, and that Judge Grady was without jurisdiction to hear the cause in the first instance. This contention likewise is untenable. True, the statute directs that a proceeding of this kind be heard first by the clerk. But the direction is not jurisdictional. We have so held. *Lance v. Cogdill,* 236 N.C. 134, 71 S.E. 2d 918. See also *Woody v. Barnett,* 235 N.C. 73, 68 S.E. 2d 810. The stipulation by which the parties agreed to by-pass the clerk and have the case heard and determined in the first instance by the presiding Judge will be upheld.

No merit has been made to appear in any of the defendants' remaining exceptions. We treat most of them as abandoned for failure of counsel to bring them forward in their brief. Rule 28, Rules of Practice in the Supreme Court, 221 N.C. 562, *et seq.; Dillingham v. Kligerman,* 235 N.C. 298, 69 S.E. 2d 500.

The findings of fact below support the judgment. It will be upheld.

Affirmed.