THOMAS & HOWARD COMPANY OF SHELBY, INC., v. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, A CORPORATION, M. B. TATE, JOHNNIE PONDERS, WILLIAM HUDDLESTON, CHARLES VARNER AND JAMES BYRD.

(Filed 10 November, 1954.)

**1. Indemnity § 2a—**

A contract indemnifying the employer against loss occasioned by dishonesty or fraud of employees is in the nature of a contract of insurance, and is subject to the rules of construction applicable to insurance policies generally.

**2. Indemnity § 7: Pleadings § 2—**

An employer may join actions against its employees in tort to recover for loss occasioned by the fraud or dishonesty of the employees acting in collusion or conspiracy with each other, with an action *ex contractu* on an indemnity policy covering such losses executed by the corporate defendant, since both actions arise out of the same transaction.

**3. Indemnity § 7—**

In an action on a fidelity policy, a complaint setting forth the essential features of the contract, and alleging that it was in force at the time in question, and that plaintiff employer had sustained loss by the dishonesty or fraud of its employees acting in collusion or conspiracy with each other, *is held* insufficient, it being required that plaintiff employer alleged the facts upon which the conclusions of fraud and conspiracy are predicated.

**4. Pleadings § 3a—**

The complaint should allege the substantive and constituent facts of the cause of action, but should not narrate the evidence supporting them.

**5. Indemnity § 7—**

In an action on a fidelity policy, the plaintiff must specify the loss with particularity, and allegation that plaintiff had sustained "property and/or inventory loss" is insufficient. The use of the term "and/or" disapproved.

**6. Pleadings § 15—**

The rule that the complaint must be liberally construed upon demurrer does not permit the court to read into it facts which it does not contain.

**7. Pleadings §§ 19c, 22—**

Where the complaint contains a defective statement of a good cause of action, demurrer thereto is properly sustained, but the action should not be dismissed, since plaintiff is entitled to move for permission to amend so as to allege the essential and ultimate facts omitted.

APPEAL by plaintiff from *Patton, Special Judge,* August Term 1954 of CLEVELAND.

Civil action to recover an alleged loss on a Comprehensive Crime Policy, heard on a demurrer.

The defendant American Mutual Liability Insurance Company demurred on the grounds of misjoinder of parties and causes of action; that two or more causes of action have been improperly united; and for failure to state facts sufficient to constitute a cause of action against it.

The court sustained the demurrer, and dismissed the action as to American Mutual Liability Insurance Company. The court did not specify the ground, or grounds, upon which it acted.

The plaintiff appealed assigning error.

*Falls & Falls for Plaintiff, Appellant.*

*Helms & Mulliss, Wm. H. Bobbitt, Jr., and D. Z. Newton for Defendant, Appellee.*

PARKER, J. The facts alleged in the complaint to which the demurrer was directed are substantially these—the numbered paragraphs are ours and not those of the complaint:

*One.* The plaintiff is a North Carolina corporation engaged in the wholesale grocery business at Shelby. American Mutual Liability Insurance Company of Boston, Mass. is an insurance company, and does business in North Carolina. The defendants M. B. Tate, Johnnie Ponders, William Huddleston, Charles Varner and James Byrd were at the times alleged in the complaint employees of the plaintiff in its wholesale grocery business.

*Two.* About 20 May 1949 plaintiff purchased from American Mutual Liability Insurance Company a Comprehensive Crime Policy No. FX 70607-R insuring and indemnifying plaintiff against loss by dishonesty and/or fraud of its employees, whether acting alone or in collusion with others, of money, securities, and other property, including that part of any inventory shortage which insured shall conclusively prove to have been caused by dishonesty and/or fraud on the part of its employees to an amount not in excess of $50,000.00. Plaintiff paid the premiums on the policy, and it was in full force and effect during the times alleged in the complaint.

*Three.* While this Comprehensive Crime Policy was in full force and effect, between 20 May 1949 and 20 May 1952, plaintiff sustained property and/or inventory loss of $38,167.09 through the dishonesty and/or fraud of its employees, to wit: M. B. Tate, Johnnie Ponders, William Huddleston, Charles Varner and James Byrd acting in collusion and/or conspiracy with each other and with others named and unnamed, known and unknown, which loss was, and is, covered by the terms of the policy.

*Four.* Immediately upon the discovery of its losses plaintiff gave notice to American Mutual Liability Insurance Company in accordance with the terms of its policy. Plaintiff discovered its losses by an inventory item count, which is the basis of its proof of loss. Within four months after discovery of its loss and notification thereof to American Mutual Liability Insurance Company, and in compliance with the terms of the policy, plaintiff filed with the Insurance Company a statement supporting proof of loss under date of 4 September 1952.

*Five.* After 4 September 1952 American Mutual Liability Insurance Company sent a special investigator to plaintiff's place of business, and to him plaintiff surrendered all its records, books, papers and proof of loss and cooperated with him in every way.

*Six.* Plaintiff has duly performed all the conditions precedent in its policy, and has complied with all its terms.

*Seven.* That the defendants, and each one of them, are indebted to plaintiff in the sum of $38,167.09, and payment has been refused though requests therefor have been frequently made.

The complaint alleges that plaintiff's policy of insurance is incorporated in and made a part of the complaint, as fully as if written therein. A copy of the policy is not in the Record of the case.

The first question presented is whether there is a misjoinder of parties and causes of action.

We have examined the original record in the case of *Shuford v. Yarborough,* 197 N.C. 150, 147 S.E. 824. The complaint in that case alleges: "The defendant, Eagle Indemnity Company, for a premium or money consideration entered into a written contract with the plaintiff corporation known as its Fidelity Guarantee Policy No. F. B. F.-501, in the amount of $100,000.00, in which, among others, it insured and guaranteed the fidelity of the President and Treasurer of the corporation in the sum of $10,000.00 in the following words: 'The Eagle Indemnity Company hereby agrees with the Insured named in Statement 1, that it will make good to the Insured such pecuniary loss of money, funds or other personal property (including that for which the Insured is responsible) as the Insured shall sustain by any act or acts of fraud or dishonesty (including theft, embezzlement, wrongful abstraction or misapplication) committed during the period beginning on the date mentioned in Statement 6, and ending on the termination of this Insurance by any person (directly or through connivance with others) in the employ of the Insured while occupying and performing the duties of any one of the positions described in Statement 4 (any such person while so employed is herein called 'the employee') but not to exceed on account of the act or acts of any one employee, the amount set opposite the respective position specified in Statement 4.' "

Counsel for the Eagle Indemnity Company in that case filed a demurrer to Shuford's complaint alleging, among other grounds, that "there is a misjoinder of parties defendant for the reason that the complaint does not allege that the defendants were joint tort feasors; nor does the complaint allege that any relationship, contractual or otherwise, existed between the parties defendant"; and the demurrer alleges as a further ground: "3. For that several causes of action have been improperly united in the complaint, for the reason that: (a) The only cause of action, if any, alleged in the complaint against the defendant, J. A. Yarborough, arises out of, and is based upon tort, and out of transactions, matters and things to which the defendant, Eagle Indemnity Company, was not in any wise or in any sense a party, in which said cause of action, if any exists, the rights of the parties thereto are governed, controlled and fixed by the laws of tort action; Whereas, it appears on the face of the complaint that the cause of action of the plaintiff, if any exists, against the defendant, Eagle Indemnity Company, arises out of and is based upon an alleged contract between the plaintiff corporation and the defendant,

Eagle Indemnity Company, to which said contract the defendant, J. A. Yarborough, is not alleged to be in any wise or in any sense a party, and in which cause of action, if any exists, on said contract, the rights of the parties thereto are governed, controlled and fixed by the law or laws of contract." In the instant case the corporate defendant makes substantially the same contentions that there is a misjoinder of parties and causes of action, and that two or more actions have been improperly united.

In the *Shuford v. Yarborough Case, Stacy, C. J.,* speaking for the Court said: "It is not a misjoinder of parties and causes for the receiver of a corporation to sue its president and treasurer for wrongfully abstracting and misappropriating funds of the corporation and at the same time join as party defendant his surety or the guarantor of his honesty and fidelity."

The allegations of the present complaint are to the effect that the defendant, American Mutual Liability Insurance Company, agreed to insure and indemnify plaintiff against loss by dishonesty and fraud of its employees, whether acting alone or in collusion with others, of money, securities, and other property, including that part of any inventory shortage which the insured shall conclusively prove to have been caused by dishonesty and fraud on the part of any of its employees.

"Fidelity insurance, as the term is usually employed, is a contract whereby one, for a consideration, agrees to indemnify another against loss arising from the want of honesty, integrity, or fidelity of employees or others holding positions of trust. The contract is sometimes in a form very similar to that of a policy of insurance, while frequently it is in the form of a bond of indemnity. It is sometimes issued upon the application of the employer, and sometimes upon the application of the employee." 25 C. J., Fidelity Insurance, p. 1089, Secs. 1 and 2. Quoted in *Employers' Liability Assur. Corp. v. Citizens' Natl. Bank,* 85 Ind. App. 169, 151 N.E. 396. Such undertakings in respect to the fidelity of employees are in the nature of contracts of insurance, and are subject to rules of construction applicable to insurance policies generally. That is the rule in this State and in many other jurisdictions. *Bank v. Fidelity Co.,* 128 N.C. 366, 83 Am. St. Rep. 682, 38 S.E. 908; *Loan Ass'n. v. Davis,* 192 N.C. 108, 133 S.E. 530, (modified on re-argument, but not on the question for which it is here cited) 193 N.C. 710, 138 S.E. 338; Anno. 63 A.L.R. pp. 728-9.

The complaint in the instant case further alleges that while said policy was in full force "plaintiff sustained a property and/or inventory loss of $38,167.09 through the dishonesty and/or fraud of one or more of its defendant employees, namely, M. B. Tate, Johnnie Ponders, William Huddleston, Charles Varner and James Byrd, acting in collusion and/or conspiracy with each other and others . . ., which loss was, and is, covered by the terms of the policy."

We do not look with favor upon the ambiguous and uncertain term "and/or." *Johnson v. Board of Education, ante,* 56, 84 S.E. 2d 256; *Gibson v. Ins. Co.,* 232 N.C. 712, 62 S.E. 2d 320.

There is no misjoinder of parties and causes of action, nor are two or more causes of action improperly joined. *Shuford v. Yarborough, supra.* In *Stephenville North and South Texas Ry. Co. v. Grier,* Texas Civ. App., 178 S.W. 984, plaintiff brought an action against its ticket agent to recover money converted to his use and the surety company which had guaranteed the railroad against loss by the agent's defalcation. The surety company filed a plea of misjoinder of causes of action. The Texas Court said: "The alleged cause of action against the surety company relates to the same transaction upon which appellant's cause of action is founded against Grier, viz., his defalcation as ticket agent. It has frequently been declared to be the policy of our system of procedure to avoid multiplicity of suits, and to settle in one suit all matters between the same parties, or concerning the same subject-matter." 46 C. J. S., Insurance, Sec. 1269, last sentence of (d) p. 305 states the above principle of law, and cites the Texas Case as authority.

We now come to the question: Does the complaint state facts sufficient to constitute a cause of action against American Mutual Liability Insurance Company?

*Bank v. Fidelity and Deposit Co., of Maryland, and James G. Mehegan,* 126 N.C. 320, 35 S.E. 588, was an action brought upon an indemnity bond given by the corporate defendant to secure plaintiff against all loss from any fraudulent acts of its co-defendant, Mehegan, as cashier of plaintiff bank. This Court said: "The complaint alleges the execution of the bond and its renewal, and sets out their substantial features, *the alleged fraudulent acts of the cashier,* and notice to the defendant company. These facts being proved would have made out the plaintiff's case:" (Emphasis added). This same case was before this Court again in 128 N.C. 366, 38 S.E. 908, wherein it is said referring to the quotation above: "That this is now the law of this case, and our opinion of its correctness has been confirmed by subsequent investigation and further reflection. The object of an indemnifying bond is to indemnify; and if it fails to do this, either directly or indirectly, it fails to accomplish its primary purpose, and becomes worse than useless. It is worthless as an actual security, and misleading as a pretended one."

In the instant case the plaintiff has alleged that the insurance contract was in full force and effect, sets out its essential features, notice to the defendant company, but he has not stated the alleged fraudulent acts of the individual defendants, nor the alleged facts in respect to the alleged conspiracy between the individual defendants. The allegations that the plaintiff sustained a loss "by the dishonesty and/or fraud" of one or more

of its defendant employees, and that the individual defendants acted "in collusion and/or conspiracy" with each other are mere conclusions, and not sufficient. The pleader must allege facts tending to support the allegations of fraud. *Davis v. Whitehurst,* 229 N.C. 226, 49 S.E. 2d 394; *Griggs v. Griggs,* 213 N.C. 624, 197 S.E. 165. ". . . unless the facts relied on to constitute fraud or mistake are distinctly alleged the courts cannot grant relief." *McNeill v. Thomas,* 203 N.C. 219, 165 S.E. 712. The pleader must also allege the facts from which the alleged conspiracy may be inferred and the alleged unlawful acts agreed upon. *Kirby v. Reynolds,* 212 N.C. 271, 193 S.E. 412. However, the purpose of the complaint is to allege the substantive and constituent facts of the cause of action, not to narrate the evidence supporting them. *Guy v. Baer,* 234 N.C. 276, 67 S.E. 2d 47; *Chason v. Marley,* 223 N.C. 738, 28 S.E. 2d 223.

The corporate defendant asks in its brief: "What loss has the plaintiff suffered within the coverage of the insurance contract?" The complaint gives no answer, except "property and/or inventory loss" which is too ambiguous for the court to afford relief. The pleader must specify plaintiff's loss with particularity. While we are required to construe the complaint liberally, we are not permitted to read into it facts which it does not contain. *Dillingham v. Kligerman,* 235 N.C. 298, 69 S.E. 2d 500; *Jones v. Furniture Co.,* 222 N.C. 439, 23 S.E. 2d 309.

The complaint attempts to allege a good cause of action, but is defective in that it does not definitely and sufficiently set out all the essential, ultimate facts and in that it uses the ambiguous term "and/or." The plaintiff will be permitted to amend its complaint. *Scott v. Veneer Co.,* 240 N.C. 73, 81 S.E. 2d 146; *Davis v. Rhodes,* 231 N.C. 71, 56 S.E. 2d 43; *Foy v. Stephens,* 168 N.C. 438, 84 S.E. 758.

The lower court ruled correctly in sustaining the demurrer, but it erred in dismissing the action against American Mutual Liability Insurance Company. Upon motion of plaintiff the Superior Court will enter an order permitting it to amend its complaint.

Reversed.