Kennedy v. Whaley

ALICE HOUSTON KENNEDY, JOHN HENRY KENNEDY, JR., FRANCES
KENNEDY MATHIESON & HUSBAND, JAMES ERIC MATHIESON, JAMES
KENNEDY, CAROLYN KENNEDY BLAKE, PATSY ANN KENNEDY
BRYSON & HUSBAND, JERRY BRYSON, DORTHA KENNEDY CAMPBELL
& HUSBAND, ELTON RAY CAMPBELL, VERTIE MAE WILLIAMS KEN-
NEDY (WIDOW), ANNETTE KENNEDY CANADY & HUSBAND, WILLIAM
ARTHUR CANADY, SR., JEANETTE KENNEDY FOY & HUSBAND,
RENZELL FOY, HARRY G. BROWN (WIDOWER), BONNIE LOU KENNEDY
WILLAFORD & HUSBAND, LEROY WILLAFORD, WILLIAM PICKETT
KENNEDY & WIFE, RHONDA JARMAN KENNEDY, DIANA SUE KEN-
NEDY GWYNN & HUSBAND, LEONARD PHILIP GWYNN, SHARON
PATRICE KENNEDY EDWARDS & HUSBAND, GARDNER EUGENE ED-
WARDS, BRAXTON GEORGE KENNEDY & WIFE, DELPHIA COSTIN
KENNEDY, KATHLEEN KENNEDY JONES (WIDOW), ALBERT KENNEDY
& WIFE, RACHEL TYNDALL KENNEDY, ELIZA KENNEDY FOUNTAIN
& HUSBAND, MURPHY FOUNTAIN, ARTHUR KENNEDY & WIFE, RUBY
SUMMERLIN KENNEDY & RUBY KENNEDY TYNDALL & HUSBAND,
LYNWOOD TYNDALL v. IDA WHALEY, WALTER WHALEY, JR., &
WIFE, LOUISE WHALEY, ELENOR MARIE WHALEY COLEY & HUSBAND,
RAY COLEY, REBA FAYE WHALEY THIGPEN & HUSBAND, GERALD
THIGPEN, ANNETTE WHALEY CAVENAUGH & HUSBAND, GENE
CAVENAUGH, VIRGINIA WHALEY BALL & HUSBAND, DEWEY BALL,
VANCE B. GAVIN, TRUSTEE, GRADY MERCER, SR., TRUSTEE, COASTAL
PRODUCTION CREDIT ASSOCIATION, BARBARA HORNE & IRENE
COLE

No. 814SC154

(Filed 5 January 1982)

Adverse Possession § 10; Ejectment § 12; Trespass to Try Title § 2.1— common
source of title—evidence of title in third person—adverse possession

In an action in which both plaintiffs and defendants claimed title to the
property in question through a common source, defendants could show
foreclosure of a mortgage on the property and conveyance of the property to a
third person pursuant to the foreclosure sale so as to divest the title of the
person through whom plaintiffs claimed and defeat plaintiffs' claim of record
title as heirs and remaindermen where the third person acquired his title after
the common source. Therefore, defendants' possession of the property for over
30 years was not adverse to any remaindermen, and they acquired title to the
property by adverse possession for more than 20 years and by adverse posses-
sion under color of title for more than seven years. G.S. 1-38; G.S. 1-39.

APPEAL by plaintiffs from *Strickland, Judge.* Judgment
entered 17 September 1980 in Superior Court, DUPLIN County.
Heard in the Court of Appeals 16 September 1981.

This action was instituted by the plaintiffs as heirs at law of
Susan Ann Kennedy on 27 January 1979, to recover real property

and damages. The parties stipulated that defendants are in possession of the lands in question and they and those under whom they claim have been in continuous possession of the lands for more than 30 years prior to the institution of this action. The parties waived trial by jury and agreed that the court should hear the evidence and make findings of fact and conclusions of law. The trial judge found that John W. Kennedy conveyed to his wife, Susan Ann, a tract in Duplin County consisting of approximately 70 acres on 4 November 1929. On 10 September 1943, Susan Ann Kennedy died intestate survived by her husband, John W. Kennedy, and the children born of their marriage. John W. Kennedy executed a deed dated 19 September 1944, purporting to convey the above stated property to Tommy Whaley. Tommy Whaley and wife, by deed dated 5 January 1945, then purported to convey the same property to Walter Whaley. Walter Whaley died testate on 30 May 1951, and, by the terms of his will, devised all interest in any lands held by him at the time of his death to his wife, Ida Whaley, and their children. On 21 October 1957, in a special proceeding, the land was partitioned, a portion allotted to Eleanor Marie Whaley Cole, and the remainder given to Reba Faye Whaley Thigpen.

On 7 December 1961, Eleanor W. Cole and husband, Ray W. Cole, executed a deed purporting to convey the lands allotted to Eleanor W. Cole in the partitioning proceeding to Carl W. Powell and wife, Iris K. Powell. On the same day, Carl W. Powell and wife executed a deed purporting to convey said land to Ray W. Cole and wife, Eleanor W. Cole, as tenants in common. John W. Kennedy died 5 October 1972, and now plaintiffs, heirs of Susan Ann Kennedy, seek to recover the property as remaindermen whose right of possession of the property did not mature until the death of their father.

The trial judge found that John W. Kennedy lived on the 70 acres until 1944, when he moved from the tract, and that since 1944 Eleanor Marie Whaley and Reba Faye Whaley and their predecessors in title have been in possession, have listed the property for tax purposes and paid the taxes thereon, and have had no notice of adverse claim.

Defendants offered in evidence a commissioners deed dated 11 February 1936, conveying the 70 acres in controversy to I. J.

Kennedy v. Whaley

Sandlin by virtue of foreclosure of a mortgage dated 26 December 1929 and registered 20 January 1930, from J. W. Kennedy and wife, Susan Kennedy, to I. J. Sandlin, to secure the debt described in the mortgage deed.

The court found that plaintiffs were divested of any claim or record title to the tract by reason of the foreclosure of the mortgage and foreclosure sale, and that defendants were possessed of the land under known and visible lines and boundaries under color of title for more than seven years and had adversely possessed the land for more than 20 years preceding the commencement of the action. The court found further that the public records of Duplin County disclosed a title transaction affecting the property which had been of record for more than 30 years, purporting to vest title in defendants, thus establishing prima facie a marketable record title pursuant to Chapter 47B of the General Statutes of North Carolina, no notice having been given by the plaintiffs pursuant to law. The court declared defendants to be the owners of the land, and plaintiffs appeal.

*Kornegay, Rice and Edwards, by Robert T. Rice, for plaintiff appellants.*

*Vance B. Gavin and Russell J. Lanier, Jr., for defendant appellees.*

MORRIS, Chief Judge.

Plaintiffs argue that the court erred in ruling that the foreclosure sale divested them of any claim of title to the property. They also allege error in the court's ruling that defendants had acquired title by adverse possession for more than 20 years and for more than seven years under color of title, urging that land cannot be held adversely to the interests of the remaindermen.

This case turns on the issue of whether defendants may show foreclosure of the mortgage from J. W. Kennedy and Susan A. Kennedy, and conveyance of the land in controversy to I. J. Sandlin pursuant to an order of sale. We find that defendant is entitled to prove this outstanding interest, which defeats plaintiffs' claim of record title.

Plaintiffs invoke the common source doctrine, arguing that John W. Kennedy is the source of title of both plaintiffs and defendants, but that plaintiffs possess better title from him, which shows, prima facie, their right to recover. *Mobley v. Griffin*, 104 N.C. 112, 10 S.E. 142 (1889).

> The doctrine of common source of title is the well-established rule, in actions involving the title to or the right to possession of realty or an interest therein, that when the adverse parties claim title from the same source, it is not necessary for the plaintiff to trace the title back of the common source.

Annot., 5 A.L.R. 3d 375, 381 (1966). Quoted in *Finance Corporation v. Leathers*, 272 N.C. 1, 7, 157 S.E. 2d 681 at 685 (1967). "[W]hile ordinarily . . . the plaintiff must recover on the strength of his own title and not on the weakness of that of his adversary, such rule is inapplicable where the parties trace their titles to a common source, in which case plaintiff need only show a title good as against defendant." 65 Am. Jur. 2d Quieting title § 44 (1975). The rule, therefore, limits the inquiry to the question of which party has superior title from the common source. Annot., 5 A.L.R. 3d 375 (1966).

Plaintiffs contend that at the time he executed the deed to Tommy Whaley purporting to convey fee simple title, John W. Kennedy was merely a life tenant by curtesy consummate and could convey no more than a life estate. With this contention we have no quarrel, and we agree that plaintiffs, the surviving children of Susan A. Kennedy, were remaindermen whose right of possession did not mature until the death of John W. Kennedy on 5 October 1972. Thus, they had no right to maintain an action for the possession of the property until after the expiration of the life estate of their father. *Narron v. Musgrave*, 236 N.C. 388, 73 S.E. 2d 6 (1952). Where a life tenant executes a deed in fee, the possession of the grantee cannot be adverse to the remaindermen until the death of the life tenant. *Lovett v. Stone*, 239 N.C. 206, 79 S.E. 2d 479 (1954); *Walston v. W. H. Applewhite and Co.*, 237 N.C. 419, 75 S.E. 2d 138 (1953). Under this view of the facts, the defendants would have held adversely for less than seven years.

Plaintiffs rely on the proposition that "while defendant can defend by showing that he has a better title in himself than that of the plaintiff, derived from the person from whom they both

claim or from some other person who had such better title, he is not at liberty to show a better title outstanding in a third person." *Stewart v. Cary*, 220 N.C. 214, 222, 17 S.E. 2d 29 at 33 (1941). Plaintiffs urge us to adopt this thesis, integral to their argument, which would require that we ignore the outstanding interest in I. J. Sandlin acquired pursuant to the foreclosure sale in 1939. We think that the law is otherwise, however. Defendants have not attempted to go behind the deed of the common grantor, John W. Kennedy, to show a paramount title outstanding in a third person. Defendants' evidence did show an outstanding title in I. J. Sandlin, "[h]owever, this was in no way violative of the common source doctrine. That doctrine only prevents a defendant who claims under a source common to plaintiff from showing a title outstanding in a third party which is paramount to the common source itself." *Finance Corp. v. Leathers*, supra at 9, 157 S.E. 2d at 687.

> The rule that a defendant in ejectment cannot show title in a third person independent of the common source without connecting himself with it is limited to paramount titles older than the common source, and does not preclude the defendant from showing an outstanding title which accrued subsequent to that of the common source, and the defendant . . . may defeat the plaintiff's recovery by showing that the title of the common source is outstanding in a third person by virtue of a tax sale, or by virtue of an encumbrance created by the common source prior to the plaintiff's title.

Annot., 5 A.L.R. 3d, supra, at 404-05. Quoted with approval in *Finance Corp. v. Leathers*, supra, at 9, 157 S.E. 2d at 686-87. Thus, "the doctrine does not prevent a defendant from showing that it or *a third party* has a better title than the plaintiff *under* the common source. Annot., 5 A.L.R. 3d, supra." *Finance Corp. v. Leathers*, supra at 687.

We find that Susan A. Kennedy's interest in the property was sold at the foreclosure sale in 1935. Hence, there was no life estate in John W. Kennedy, and nothing for plaintiffs to inherit.

As set forth in G.S. 1-39, no action for the recovery or possession of real property may be undertaken by a plaintiff unless he shows that he or one under whom he claims was seized or possessed of the premises in question within 20 years before the

action commenced. Further, no action to recover possession of real property may be maintained when the party in possession, the defendants in the action, or those under whom the defendant claims has been in possession of the property under known and visible lines and boundaries adverse to all other parties for 20 years. G.S. 1-40. The evidence adduced at trial clearly shows that defendants or their predecessors in title had been in adverse possession of the land since 1945. The trial judge properly ruled that defendants had acquired good title to the land.

The defendants are also the legal owners pursuant to G.S. 1-38(a), which stipulates that "[w]hen a person or those under whom he claims is and has been in possession of any real property, under known and visible lines and boundaries and under color of title, for seven years, no entry shall be made or action sustained against such possessor" by the true owner after said seven years and the possession is a perpetual bar. "Color of title" is a writing which purports to convey the land described therein, but fails to do so because of a want of title in the grantor or some defect in the mode of conveyance. *Hensley v. Ramsey*, 283 N.C. 714, 199 S.E. 2d 1 (1973). We find that the plaintiffs are barred from advancing their claim to ownership by G.S. 1-38, as defendants have been in possession under color of title for more than seven years.

Defendants' possession had, at the time the action was brought, been actual, open, visible, notorious, continuous and hostile for 35 years. This fulfills both the seven and 20-year statutory requirements enumerated in the statutes, barring any action upon a showing of possession under color of title for more than seven years and possession for more than 20 years, respectively.

Among the court's findings of fact was the finding

that the said Eleanor Marie Whaley and Reba Faye Whaley Thigpen and Ray W. Cole and the devisees under his will are persons having the legal capacity to own real property in this state, who together with their predecessors in title have been vested with an estate in real property of record for more than thirty years and that the public records of Duplin County disclose a title transaction affecting the real property that is the subject of controversy herein which has been of

record for more than thirty years, purporting to create such estate in the aforesaid Eleanor Marie Whaley, Reba Faye Whaley Thigpen and Ray W. Cole and his devisees and the persons by and through whom they claim title with nothing appearing of record purporting to divest such claimants of the interest claimed, listing the same for taxation and paying said taxes on said lands to Duplin County and have established a prima facie Marketable Record Title pursuant to Chapter 47B of the General Statutes of North Carolina.

Among the court's conclusions of law was the following:

And the defendants, Eleanor Marie Whaley (being one and the same person as Eleanor Marie Whaley Kelly, Eleanor Marie Whaley Cole and Eleanor Marie Whaley Coley) Reba Faye Whaley Thigpen and the devisees of Ray W. Cole are persons who have the legal capacity to own real property in this state, who together with their predecessors in title have been vested with an estate in real property of record for more than thirty years and that the public records of Duplin County disclose a title transaction affecting the real property that is the subject of controversy herein, which has been of record for more than thirty years, purporting to create such estate in the aforesaid Eleanor Marie Whaley, Reba Faye Whaley Thigpen and Ray W. Cole and his devisees and the persons by and through whom they claim title with nothing appearing of record purporting to divest such claimants of the interest claimed; listing the same for taxation and paying taxes on said land to Duplin County and have established prima facie a Marketable Record Title pursuant to Chapter 47B of the General Statutes of North Carolina, no notice having been given by the plaintiffs pursuant to law.

Appellants attempt to argue in their brief the effect, if any, of the Real Property Marketable Title Act upon their title. Appellants, however, did not except to the finding of fact or the conclusion of law set out above. Since the question is not properly before us, we do not discuss it, except to say that there was competent evidence to support the finding, the conclusion is supported by the finding, and the conclusion would support the judgment in this case.

We find no error in the court's admission into evidence of defendants' exhibits, as they were material and relevant to the showing of title in a third party.

No error.

Judges CLARK and WELLS concur.