Brothers v. Howard

LEOLIA B. BROTHERS, Widow, HILDA B. THOMPSON and husband, HENRY THOMPSON, JEAN B. COLEMAN and husband, MAURICE COLEMAN, JANICE BROTHERS, Unmarried, LEOLIA B. CHERRY and husband, DENNIS CHERRY, FLOYD BROTHERS and wife, GERALDINE BROTHERS, CLIFFORD L. BROTHERS and wife, BETTY BROTHERS, DWIGHT BROTHERS and wife, CAROLYN BROTHERS, DORA B. LEE and husband, ULYSSES LEE, ERMA B. JONES and husband, WILLIAM JONES, and WAYMOND BROTHERS, Unmarried v. RUDOLF HOWARD and wife, LOUVENIA HOWARD

No. 811DC1107

(Filed 15 June 1982)

**Quieting Title § 2.2— directed verdict for defendants improper—plaintiffs established prima facie case**

In an action to quiet title, the trial court erred in allowing defendants' motion for directed verdict at the close of plaintiffs' evidence where (1) plaintiffs established a marketable record title to the land in dispute by the introduction of the deed which was recorded more than 30 years prior to the institution of the action which, under the Real Property Marketable Title Act, G.S. 47B-2(d) (Supp. 1981), was prima facie evidence that plaintiffs owned title to the property, and (2) plaintiffs established a prima facie case of their title to the property in dispute under the common source of title rule.

APPEAL by plaintiffs from *Chaffin, Judge.* Judgment entered 10 June 1981 in District Court, PASQUOTANK County. Heard in the Court of Appeals 27 May 1982.

Plaintiffs instituted an action to quiet title to a seven and one-half acre tract of land known as Joe's Island and to recover damages for the wrongful cutting of two trees on the property. Prior to trial, the parties stipulated to the following:

1. Plaintiffs are the heirs at law of Floyd Brothers, who died intestate.

2. The common source of the parties' title is C. L. Albertson and copies of all deeds in both plaintiffs' and defendants' chains of title are true and accurate.

3. By deed dated 9 January 1915, C. L. Albertson and wife conveyed to Riley White a parcel of land containing two hundred and twenty-five acres "excepting therefrom . . . a small Island containing seven acres, more or less, known as Joe's Island situate near Dailey's Landing."

4. By deed recorded in book 108, page 599, Pasquotank County Registry, on 11 September 1943, C. L. Albertson and wife conveyed to Floyd Brothers a parcel of land "known as Joe's Island and being a part of the Ed Albertson Land. Said to contain seven and one-half acres (7-1/2) more or less . . .."

At the close of plaintiffs' evidence, the trial court granted defendants' motion for a directed verdict and dismissed the action, stating that "the plaintiffs had failed to offer sufficient evidence to establish, prima facie, plaintiffs' title to the lands in dispute . . .."

*Twiford, Trimpi, Thompson & Derrick, by John G. Trimpi, for plaintiff appellants.*

*Cherry, Cherry and Flythe, by Joseph J. Flythe, for defendant appellees.*

MARTIN (Harry C.), Judge.

The trial court erred in allowing defendants' motion for directed verdict at the close of plaintiffs' evidence on plaintiffs' cause of action to quiet title.

First, the Real Property Marketable Title Act provides that the establishment of a marketable record title in any person pursuant to the statute shall be prima facie evidence that such person owns title to the real property described in his record chain of title. N.C. Gen. Stat. § 47B-2(d) (Supp. 1981). Plaintiffs have established a marketable record title to the land in dispute by the introduction of the deed from C. L. Albertson and wife, Rose Albertson, to Floyd Brothers, recorded 11 September 1943, more than thirty years prior to the institution of this action. N.C. Gen. Stat. 47B-2(a). The evidence supports a conclusion that plaintiffs have a marketable record title. *See Kennedy v. Whaley*, 55 N.C. App. 321, 285 S.E. 2d 621 (1982).

Defendants argue that the Act does not apply because their rights to the property in dispute come within the exceptions contained in N.C.G.S. 47B-3(4). Defendants, however, have the burden of proof on the issue of whether their rights come within the statutory exceptions. Plaintiffs' evidence does not establish that

defendants are protected by the exceptions, and defendants have yet to introduce their evidence.[1]

We hold that plaintiffs have made out a prima facie case under the statute sufficient to overcome defendants' motion for directed verdict at the close of plaintiffs' evidence. *Lea v. Dudley*, 20 N.C. App. 702, 202 S.E. 2d 799 (1974).

We also hold that plaintiffs have established a prima facie case of their title to the property in dispute, under the common source of title rule. *Mobley v. Griffin*, 104 N.C. 112, 10 S.E. 142 (1889). Defendants argue that the common source of title rule does not apply because the property in question was reserved from the lands granted to plaintiffs and defendants by C. L. Albertson, their common source of title. *Vance v. Pritchard*, 213 N.C. 552, 197 S.E. 182 (1938). Defendants, however, have stipulated that the parties do have a common source of title to the property in question. Defendants' chain of title from that common source has not been introduced into evidence. Plaintiffs' deed conveying the property from the common source is in evidence.

Defendants stipulated that the property in dispute, a part of Joe's Island, was owned by C. L. Albertson, who is the common source of title for plaintiffs' and defendants' property. They also stipulated the authenticity of the deed from C. L. Albertson and wife, Rose Albertson, conveying the property in dispute to Floyd Brothers, plaintiffs' predecessor in title, on 11 September 1943. The common source of title rule applies and defendants cannot deny C. L. Albertson's title to Joe's Island. *Vance, supra.*

The question then becomes, which party has the better title from that common source. Plaintiffs have introduced their record title to the property. They are not bound to introduce defendants' chain of title in order to make out a case for the jury that they possess the better title. They do not have to show the invalidity of defendants' claim. *Wells v. Clayton*, 236 N.C. 102, 72 S.E. 2d 16 (1952); 5 A.L.R. 3d 375, § 7 (1966). Plaintiffs' evidence was sufficient to overcome defendants' motion for directed verdict on plaintiffs' action to quiet title.

---

1. For a discussion of the effect of the exceptions upon the marketable title rule, see Note, *North Carolina's Marketable Title Act—Will the Exceptions Swallow the Rule?*, 52 N.C. L. Rev. 211 (1973).

Plaintiffs failed to produce sufficient evidence on their claim for damages for wrongful cutting of timber. There is no evidence that defendants cut trees on plaintiffs' property, other than the one tree for which defendants paid plaintiffs. The court properly entered a directed verdict against plaintiffs' claim for damages.

Affirmed in part; reversed in part.

Judges VAUGHN and HILL concur.