FRED H. POORE AND WIFE, MARIE C. POORE v. SWAN QUARTER FARMS, INC., A. H. VAN DORP AND MARY H. VAN DORP

No. 882SC856

(Filed 5 July 1989)

**Quieting Title § 2.1— judicial admissions as to title of land**

In plaintiffs' action to remove clouds upon the title to certain real property in which they claimed a one-half undivided interest in fee simple, the trial court erred in denying

defendants' motions for a directed verdict and judgment n.o.v. where the existence of a deed conveying the property from plaintiffs and individual defendants to the corporate defendant and the existence of a deed conveying the property from the corporate defendant to one of the individual defendants was alleged in the complaint and admitted in the answer; by virtue of these judicial admissions, record title was shown in defendants; and plaintiffs failed to offer any evidence proving defendants' title was defective.

APPEAL by defendants from *Griffin (William C.), Judge.* Judgment filed 12 May 1988 in Superior Court, HYDE County. Heard in the Court of Appeals 24 February 1989.

*Wayland J. Sermons, Jr., P.A., by Wayland J. Sermons, Jr., for plaintiff-appellees.*

*Lee E. Knott, Jr. for defendant-appellants.*

GREENE, Judge.

On 30 March 1983, plaintiffs instituted this action seeking to remove clouds upon the title to certain real property in which they claim a one-half undivided interest in fee simple. The trial court granted defendants' motion for summary judgment and plaintiffs appealed. This court reversed and the case was tried by a jury in Hyde County in May 1988. At trial, after plaintiffs had presented their evidence, defendants made a motion for a directed verdict which was denied by the trial court. The defendants offered no evidence and made a motion for a directed verdict at the close of all the evidence. The motion was denied and the case was submitted to the jury. The jury found in favor of the plaintiffs and the judge entered an order in accordance with the verdict which stated that plaintiffs are the owners of a one-half interest in the property. Defendants made a motion for a judgment notwithstanding the verdict which was denied. Defendants appealed.

By deed dated 2 June 1962, the real property in dispute was conveyed from A. B. Berry and Marriotte C. Berry to Fred H. Poore and Marie C. Poore, plaintiffs, and A. H. Van Dorp and Mary H. Van Dorp, defendants. Plaintiffs and individual defendants conveyed this property to defendant corporation, Swan Quarter Farms, Inc. by deed dated 16 June 1962 and recorded 3 July 1962. Defendant corporation conveyed this property to individual defendant

Mary H. Van Dorp by deed dated 25 March 1969 and recorded 1 April 1969. Plaintiffs allege in their complaint that the 16 June 1962 deed purporting to convey the property from the plaintiffs and individual defendants to the defendant corporation has no legal effect and fails to convey plaintiffs' interest because "the defendant corporation was never properly constituted to do business, was never a proper corporate entity, and therefore had no legal existence from the time of its purported incorporation until the suspension of its charter." Plaintiffs allege in the alternative that if the defendant corporation was a legal corporate entity at the time the 16 June 1962 deed was recorded, or thereafter became a legal corporate entity, the 25 March 1969 deed to defendant Mary H. Van Dorp was of no legal effect because "defendant corporation never obtained proper corporate authority approving said conveyances as required by the laws and statutes of the state of North Carolina."

Plaintiffs prayed the court to remove from the records the 16 June 1962 deed "as a cloud upon the plaintiffs' title to said land and that plaintiffs be declared the owners in fee simple of a one-half undivided interest in said land." They prayed in the alternative that if the 16 June 1962 conveyance was found valid, the court would remove the subsequent 25 March 1969 conveyance as a cloud upon the title of the defendant corporation and declare defendant corporation owner in fee simple of the property.

---

This appeal presents the following issue for review: did the trial court err in denying defendants' motions for a directed verdict and judgment notwithstanding the verdict where pleadings show record title in defendants and plaintiffs failed to offer any evidence proving defendants' title was defective.

The standard for appellate review of a trial court's decision on a motion for directed verdict is the same as the standard of review for a judgment notwithstanding the verdict (JNOV). *Colony Assoc. v. Fred L. Clapp & Co.*, 60 N.C. App. 634, 637, 300 S.E. 2d 37, 39 (1983). A motion for a directed verdict or a JNOV must be granted if the evidence when taken in the light most favorable to the non-movant is insufficient as a matter of law to support a verdict in favor of the non-movant. *Harvey v. Norfolk Southern Ry. Co., Inc.*, 60 N.C. App. 554, 556, 299 S.E. 2d 664, 666 (1983). The evidence is sufficient to withstand either motion if there is

more than a scintilla of evidence supporting each element of the non-movant's case. *See Broyhill v. Coppage*, 79 N.C. App. 221, 226, 339 S.E. 2d 32, 35 (1986).

Defendants allege that the court committed reversible error by denying their motions for directed verdict and their motion for JNOV "because the judicial admissions and the evidence prove a superior title from a common source in the defendants and because plaintiffs failed to offer any evidence by way of attack on the deeds alleged by them to constitute a cloud on the title claimed by them." We agree.

In an action to remove a cloud upon a title, also known as an action to quiet title, "the burden of proof is on the plaintiff to establish his title." *Heath v. Turner*, 309 N.C. 483, 488, 308 S.E. 2d 244, 247 (1983). The plaintiff may meet his burden by traditional methods or by reliance on the Real Property Marketable Title Act. *Id.; see Mobley v. Griffin*, 104 N.C. 112, 10 S.E. 142 (1889) (sets out the traditional methods by which *prima facie* showing of title may be made, *e.g.*, adverse possession with color of title, adverse possession without color of title, common source of title). In attempting to meet this burden, the plaintiffs in this case relied on the common source of title doctrine, one of the traditional methods of proving title set out in *Mobley*, 104 N.C. at 115, 10 S.E. at 142-43. The common source of title doctrine, as stated in *Mobley*, provides that a plaintiff may make a *prima facie* showing of title by "connect[ing] the defendant with a common source of title and show[ing] in himself a better title from that source." *Mobley*, 104 N.C. at 115, 10 S.E. at 142-43.

At trial, plaintiffs introduced into evidence a deed dated 2 June 1962 conveying the real property in dispute from A. B. Berry and Marriotte C. Berry to Fred H. Poore and Marie C. Poore, plaintiffs, and A. H. Van Dorp and Mary H. Van Dorp, defendants. At trial, defendants admitted the authenticity of the deed and that defendants and plaintiffs are claiming the property through A. B. Berry. The 2 June 1962 deed establishes a common source of title, as both the plaintiffs and the defendants claim the real property directly from the same grantor. Annot. "Common Source of Title Doctrine," 5 A.L.R. 3d 387, Sec. 4[a] (1966). Therefore, the question remaining is whether plaintiffs presented more than a scintilla of evidence that they had "a better title from that source." *Mobley*, 104 N.C. at 115, 10 S.E. at 142-43.

Plaintiffs claim they met their burden by showing a deed from a common source of title granting plaintiffs one-half interest in the property and because defendants offered no evidence to refute this title. Plaintiffs rely on the following statement from *Brothers v. Howard*, 57 N.C. App. 689, 292 S.E. 2d 139 (1982), in support of their proposition:

> Plaintiffs have introduced their record title to the property. They are not bound to introduce defendants' chain of title in order to make out a case for the jury that they possess the better title. They do not have to show the invalidity of defendants' claim.

*Id.* at 691, 292 S.E. 2d at 141 (citations omitted).

*Brothers* is not applicable to the facts of this case because in that case, after establishing that the parties had a common source of title to the property in question, plaintiffs introduced into evidence a deed conveying the property from the common source to them. *Id.* In *Brothers*, defendants' chain of title from the common source was not introduced into evidence. *Id.* The court, in answering the question of which party had better title from the common source, concluded plaintiffs did because they introduced their record title to the property and there was no evidence of a better title in defendants. *Id.* It was in this context that the *Brothers* court held the plaintiffs were not bound to introduce defendants' chain of title or show the invalidity of defendants' claim in order to make out a case for the jury that they had better title. *Id.*

Plaintiffs allege the same facts are involved in this case because defendants did not introduce evidence of their chain of title from the common source and therefore the 2 June 1962 deed introduced by plaintiffs conclusively establishes that they have one-half ownership in the property and the defendants have one-half ownership. However, defendants' chain of title, although not introduced by defendants into evidence at trial, was established by judicial admissions. *See* 2 Brandis on North Carolina Evidence Sec. 177 at 36 (1988) (a judicial admission is an admission in the final pleadings defining the issues and on which the case goes to trial). The existence of the 16 June 1962 deed conveying the property from plaintiffs and individual defendants to Swan Quarter Farms, Inc. and the existence of the 25 March 1969 deed conveying the property from Swan Quarter Farms, Inc. to Mary H. Van Dorp was alleged

in the complaint and admitted in the answer and therefore has the effect of a judicial admission. *Harris v. Pembaur*, 84 N.C. App. 666, 670, 353 S.E. 2d 673, 677 (1987) ("[f]acts alleged in the complaint and admitted in the answer are conclusively established"). A judicial admission "is not evidence, but rather removes the admitted fact from the field of evidence by formally conceding its existence." 2 Brandis on North Carolina Evidence Sec. 166 at 2 (1988). Admissions are as effectual as if the facts admitted were found by a jury, and "such fact[s] [are] to be taken as true for all purposes connected with the trial. This is so even though the admissions [are] not introduced into evidence." *Wells v. Clayton*, 236 N.C. 102, 106, 72 S.E. 2d 16, 18-19 (1952). Therefore, as the pleadings show the defendant, Mary H. Van Dorp, was the holder of the record title to the property, she "must be assumed to be its true owner unless the contrary appears." *Wells*, 236 N.C. at 108, 72 S.E. 2d at 20.

Plaintiffs failed to offer any evidence of noncompliance with legal formalities in order to extinguish the alleged clouds on their title created by the deed from plaintiffs and individual defendants to defendant Swan Quarter Farms, Inc. and by the deed from defendant Swan Quarter Farms, Inc. to defendant Mary H. Van Dorp. *See Poore v. Swan Quarter Farms, Inc.*, 79 N.C. App. 286, 292, 338 S.E. 2d 817, 820 (1986) (issue raised by pleadings in present case is "whether non-compliance with legal formalities voids the two deeds"). Plaintiffs *must* show the invalidity of the adverse claim if "it is essential for the plaintiff[s] to overcome such claim in order to establish [their] own title." *Wells*, 236 N.C. at 108, 72 S.E. 2d at 20. Here, it was necessary for plaintiff to show the invalidity of defendants' record title in order to establish "better title" from the common source. As they offered no evidence in the way of an attack on defendants' deeds, we conclude defendants' motion for a directed verdict should have been granted.

Accordingly, we vacate the verdict in favor of the plaintiffs and remand for entry of a directed verdict in favor of the defendants.

Vacated and remanded.

Judges EAGLES and COZORT concur.