RAND ALGERNON WALL, AND RAND ALGERNON WALL, JR., BY HIS NEXT FRIEND, RAND ALGERNON WALL, v. EDWARD LEE TIMBERLAKE.

(Filed 2 February, 1968.)

**Trial § 56;  Appeal and Error § 57—**

Where trial is had in the inferior court without a jury, the resolution of conflicting evidence is a matter for the court, and where the evidence is sufficient to support the findings and when error of law does not appear upon the face of the record proper, the judgment will not be disturbed on appeal.

APPEAL by defendant from *Carr, J.,* May 15, 1967 Civil Session, DURHAM Superior Court.

The plaintiff, Rand Algernon Wall, individually and as next friend of his minor son, Rand Algernon Wall, Jr., instituted this civil action against Edward Lee Timberlake in the Durham County Civil Court on January 18, 1966 for the purpose of recovering damage to the automobile owned by the plaintiff and personal injuries to the minor plaintiff as a result of an automobile collision at the intersection of Mallard Avenue and Elizabeth Avenue in the City of Durham. The collision occurred on December 19, 1964 at approximately 6:43 p.m. as Wall, Jr. was driving his father's 1960 Ford

westwardly along Mallard Avenue at its intersection with Elizabeth Avenue. The defendant, driving a 1956 Chrysler south on Elizabeth Avenue collided with the Wall Ford, causing property damage in the alleged amount of $900 and personal injuries for which the plaintiff claims $250 for pain and suffering and $107.35 for medical expenses.

According to the plaintiffs' pleadings and evidence, Wall, Jr. entered and had almost completed passage through the intersection when the defendant, driving south on Elizabeth Avenue, struck the right rear of the Wall Ford, causing the damage and the personal injuries.

The defendant filed answer denying any negligence on his part, alleging that he was on the right and that the two vehicles entered the intersection at or near the same time, and that he, having the right of way, was free of negligence and that the plaintiff, Wall, Jr., was negligent in entering and attempting to pass through the intersection in violation of the traffic laws. The defendant filed a counter-claim alleging that Wall, Jr. was entirely at fault in causing the collision and damage of $375 to the Chrysler. The plaintiffs filed a reply denying the counter-claim.

After the filing of the pleadings and before trial, the case was transferred to the newly created District Court of Durham County and came on for trial and was heard by District Judge Moore who made detailed findings of fact, among them the following:

> "6. Before the plaintiff Rand Algernon Wall, Jr. entered the said intersection, he slowed down and looked in both directions and not seeing any vehicles proceeding north or south on Elizabeth Avenue, he carefully proceeded across the intersection at a speed of approximately 20 miles per hour.
>
> \*          \*          \*
>
> 8. The plaintiff Rand Algernon Wall, Jr. had entered the intersection first before the defendant and had established his right of way therein and the defendant failed to yield the right of way to the plaintiff's automobile, which was already in the intersection.
>
> \*          \*          \*
>
> 11. The defendant's failure to yield the right of way to the plaintiff's automobile, his failure to decrease the speed of his vehicle to avoid a collision, and his driving without keeping a proper lookout, was the sole and proximate cause of the personal injuries to Rand Algernon Wall, Jr. and of the damages to the automobile owned by the plaintiff Rand Algernon Wall."

The Court answered issues of negligence, contributory negligence and damages in favor of the plaintiffs and entered judgment for $857.35 for the property damage and costs of hospital bills, and $150 for the benefit of the minor plaintiff on account of his pain and suffering. The Court awarded $50 for plaintiffs' attorney.

The defendant filed exceptions to the findings and judgment and appealed to the Superior Court. The cause came on for hearing before Judge Carr who, after review, affirmed the judgment of the District Court. The defendant appealed to the Supreme Court.

*Bryant, Lipton, Bryant and Battle by Alfred S. Bryant for defendant appellant.*

*Watkins & Jarvis by Jerry L. Jarvis for plaintiff appellees.*

HIGGINS, J. The trial in the District Court was without a jury. Judge Moore heard the evidence, found and recorded the pertinent facts upon the basis of which he answered issues in favor of the plaintiffs, fixed the amount of damages resulting from the defendant's negligence and entered judgment in favor of the plaintiffs. The defendant appealed to the Superior Court, assigning as error: (1) The finding of negligence on the part of the defendant, and (2) The failure to find the plaintiff was contributorily negligent.

Judge Carr reviewed the record and properly determined the evidence before the District Court was sufficient to support the findings and the judgment. The resolution of the conflicts in the evidence was the function of the District Court. The appellate courts approve when the evidence is sufficient to warrant the findings and when error of law does not appear on the face of the record. *MacKay v. McIntosh,* 270 N.C. 69, 153 S.E. 2d 800; *Jenkins v. Castelloe,* 208 N.C. 406, 181 S.E. 266.

The judgment entered in the Superior Court is

Affirmed.