EDWIN H. COBB AND WIFE DAISY D. COBB v. TED L. SPURLIN AND WIFE
MARY F. SPURLIN

No. 8426SC617

(Filed 19 March 1985)

1. **Boundaries § 8.3— special proceeding to determine boundaries—title put in issue—transfer to superior court**

    Where the answer to a petition for a special proceeding to establish the correct boundary lines between petitioners' and respondents' property raised the issue of title, the action was no longer a mere boundary line dispute, but was properly an action to quiet title and was transferred by the clerk to the civil docket of superior court. G.S. 38-1, *et seq.*; G.S. 41-10.

2. **Quieting Title § 2.2; Adverse Possession § 18— evidence of adverse possession under color of title—division of disputed land between parties—improper**

    The court in an action to quiet title to land erred by dividing the land in question into two lots and awarding one to petitioners and one to respondents where the evidence at trial showed adverse possession of the disputed land by respondents' predecessor in title for at least seven years under color of title.

APPEAL by respondents from *Burroughs, Judge.* Judgment entered 13 July 1983 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 7 February 1985.

This is a special proceeding in which petitioners, Edwin H. Cobb and wife, Daisy D. Cobb, seek to establish correct boundary lines between their land and the adjoining land of respondents, Ted L. Spurlin and wife, Mary F. Spurlin, pursuant to G.S. 38-1, et seq.

The essential facts are:

Both petitioners and respondents claim title to their respective lands from a common source. Descriptions in their respective deeds reveal an overlappage of approximately .35 of an acre.

On 11 April 1983, the Clerk of Superior Court, Mecklenburg County, determined that respondents' answer raised issues of law

and title and transferred the special proceeding to the civil trial calendar of Superior Court, Mecklenburg County, pursuant to G.S. 1-399.

On 1 June 1983 the case was tried without a jury. Petitioners offered evidence tending to show title to the disputed land from a common source and better title in petitioners from the source. Petitioners' evidence further tended to show an unbroken chain of title from the common source dating from 1924 while respondents' claim was based on a 1952 deed from a grantor who did not in fact have title to the disputed land.

Respondents offered evidence tending to show title in them pursuant to G.S. 47B-1, et seq., the Real Property Marketable Title Act. Petitioners then offered evidence tending to show a deed recorded on 28 December 1981, within the thirty year period following the 1952 conveyance by respondents' predecessor in title.

The trial court then made the following pertinent findings of fact:

(7) [Respondents' predecessor in title] took possession of said realty and used said realty for recreational purposes while they owned said property.

(8) [Respondents' predecessor in title] built a brick fireplace, sunk a water well, installed an outhouse and brought in a bus to be used as a dressing room, and had a boat pier and boat landing area built.

(9) [An attorney for respondents' predecessor in title] wrote a letter to petitioners in 1981 and advised them to remove a fence that had been installed across the realty in question.

(10) The respondents and their predecessor in title have not held the realty in question for the statutory period as set forth in G.S. 47B-1, et seq.

The trial court then made the following pertinent conclusions of law:

(2) G.S. 47B-1, et seq. are [sic] not applicable in this cause.

(3) [Respondents' predecessor in title] held a portion of the realty in question, under color of title for a period in excess of twenty-one (21) years.

The trial court then concluded that petitioners and respondents were each entitled to a portion of the disputed land, dividing the disputed land into lots identified as "A" and "B." Lot "A" was awarded to petitioners and lot "B" was awarded to respondents. The parties were ordered to have a survey made conforming to the judgment.

Respondents appealed.

*Richard S. Clark and Bobby H. Griffin, for petitioner-appellees.*

*Haywood, Carson, and Merryman, by Charles B. Merryman, Jr., for respondent-appellants.*

EAGLES, Judge.

I

[1] We note at the outset that petitioners filed before the Clerk of Superior Court, Mecklenburg County, for a determination of a boundary line. Where the only issue to be tried is the location of a dividing line, it is a processioning proceeding under G.S. 38-1, et seq. See, *Cornelison v. Hammond,* 225 N.C. 535, 35 S.E. 2d 633 (1945). However, where title to the land is put in issue the clerk has no authority to pass on any question involved. He must transfer the proceeding to the regular session of superior court where it becomes in effect an action to quiet title pursuant to G.S. 41-10. *Bumgarner v. Corpening,* 246 N.C. 40, 97 S.E. 2d 427 (1957); *Roberts v. Sawyer,* 229 N.C. 279, 49 S.E. 2d 468 (1948).

In an order filed 11 April 1983, the Clerk of Superior Court, Mecklenburg County, found that "respondents' answer raised issues of law and of title to the property; and that this matter should be transferred to the Superior Court for proceedings consistent with these findings."

The respondents answered as follows:

4. That by deed dated 13 May 1982, F. C. Davis and his wife, Avis L. Davis conveyed that tract of land to Ted L.

Spurlin and wife, Mary F. Spurlin described in Book 4534 at page 936 in the Mecklenburg Public Registry.

5. That the Respondents are the owners of that tract of land located in Long Creek Township, Mecklenburg County, State of North Carolina, and more particularly described as follows:

BEGINNING at an iron in the high water mark on the south side of the Catawba River, the corner of E. H. Johnson Property; running thence with the said high water line N. 72-15 E. 200 feet to an iron; thence S. 38-32 E. 200 feet to an iron; thence with two lines of A. F. Stephens property: (1) S. 73-35 W. 200 feet to an iron; (2) N. 26-59 W. 100 feet to an old iron, the corner of E. H. Johnson; thence with the E. H. Johnson line N. 50-59 W. 100 feet to the point of beginning.

(6) That the Respondents and their predecessor in title have paid the County Property Taxes on the above-described tract of land.

(7) That the Respondents and their predecessor in title have openly used the property described in paragraph 5 without restriction and without hindrance.

Based upon the answer filed by respondents, the action transferred by the Clerk of Superior Court to the civil issue docket of the Superior Court, Mecklenburg County, was no longer a mere boundary line dispute pursuant to G.S. 38-1, et seq., but was properly an action to quiet title to the land claimed in respondents' answer.

## II

[2] The trial court divided the land in question into two lots, awarding lot "A" to petitioners and lot "B" to respondents. Respondent assigns this as error alleging that respondents should receive title to the land claimed in their deed under adverse possession for seven years under color of title or the Real Property Marketable Title Act. We agree that there was error and hold that respondents have title to that land described in their deed dated 13 May 1982 from F. C. Davis and wife and recorded at Book 4534, page 936 in the Mecklenburg Public Registry based on possession under seven years color of title. G.S. 1-38.

Where one, or his predecessor in title, enters upon land and asserts ownership of the whole under an instrument constituting color of title, the law will extend his occupation of a portion of the land to the outer bounds of his deed. *Price v. Tomrich Corporation*, 275 N.C. 385, 167 S.E. 2d 766 (1969); *Willis v. Johns*, 55 N.C. App. 621, 286 S.E. 2d 646 (1982). Adverse possession under color of title is occupancy under a writing that purports to pass title to the occupant but which does not actually do so either because the person executing the writing fails to have title or capacity to transfer the title or because of the defective mode of the conveyance used. *Hensley v. Ramsey*, 283 N.C. 714, 199 S.E. 2d 1 (1973); *Price v. Tomrich, supra.*

The evidence at trial tended to show that respondents' predecessor in title, F. C. Davis, took the property in question by deed on 9 January 1952. The disputed portion, though described by the deed, was not owned by F. C. Davis' predecessor in title. F. C. Davis owned the property originally as a tenant in common with his brother-in-law and later solely in fee simple until 13 May 1982 when he conveyed the land by general warranty deed to respondents. The description in the deed to respondents was the same description contained in the deed of 9 January 1952.

The evidence further tended to show and the trial court found as fact that Fred (F.C.) Davis and his brother-in-law possessed the disputed tract and used it for recreational purposes, that Davis built a brick fireplace, sunk a water well, installed an outhouse, brought in a bus to use as a dressing room and built a pier and boat launching facility.

F. C. Davis testified that in 1981 petitioners' predecessor in title put a fence on the property in question. F. C. Davis had his attorney give notice that the fence be removed. The fence was never removed, but petitioners' predecessor in title approached F. C. Davis and attempted to buy the disputed land for $1500.00.

The trial court then concluded as a matter of law that "F. C. Davis and his brother-in-law held a portion of the realty in question, under color of title, for a period in excess of twenty-one (21) years."

This evidence shows adverse possession of the disputed land by respondents' predecessor in title for at least seven years

under color of title. There is no evidence of adverse possession of the disputed land by another. *Willis v. Johns, supra.*

## III

When a case is tried by the court, without a jury, findings of fact made by the court and supported by competent evidence are conclusive, even though there is evidence in the record which would have supported contrary findings. *Rock v. Ballou*, 286 N.C. 99, 209 S.E. 2d 476 (1974). A judgment based upon properly supported findings will not be disturbed on appeal, absent error of law appearing on the face of the record. *Wall v. Timberlake*, 272 N.C. 731, 158 S.E. 2d 780 (1968); *Distributing Corp. v. Schofield*, 44 N.C. App. 520, 261 S.E. 2d 688 (1980). Notwithstanding the rule that an appellate court is bound by findings of fact which are supported by competent evidence of record, it is not bound by the conclusions of law or inferences the trial court draws from them. *Heath v. Manufacturing Co.*, 242 N.C. 215, 87 S.E. 2d 300 (1955). Upon appeal an appellate court may look to the evidence in the record to interpret the findings of fact made by the trial court. *Harrelson v. Insurance Co.*, 272 N.C. 603, 158 S.E. 2d 812 (1968). Where crucial factual findings fail to support the trial court's conclusion of law, the judgment entered thereon is properly reversed. *Heath v. Manufacturing Co., supra.* Here the trial court concluded as a matter of law that:

> The respondent is entitled to title and possession of a portion of the realty in question, [Lot "B"].

> The petitioners are entitled to title and possession of the remaining portion of the realty in question. [Lot "A"].

The evidence and findings of fact found at trial do not support the conclusions of law and the judgment that divides the property. However, the trial court's conclusion of law that respondents' predecessor in title "held a portion of the realty in question, under color of title, for a period in excess of twenty-one (21) years" is fully supported by the evidence and the facts found.

For these reasons, the judgment of the trial court in 82SP1954 is reversed and remanded for entry of judgment awarding respondents fee simple title to the tract in dispute, described in Book 4534 at page 936 in the Mecklenburg County Public Registry and further described as:

BEGINNING at an old iron in the high water mark on the south side of the Catawba River, the corner of E. H. Johnson property; running thence with the said high water line N. 72-15 E. 200 feet to an iron; thence S. 38-32 E. 200 feet to an iron; thence with two lines of A. F. Stephens property: (1) S. 73-35 W. 200 feet to an iron; (2) N. 26-59 W. 100 feet to an old iron, the corner of E. H. Johnson; thence with the E. H. Johnson line N. 50-59 W. 100 feet to the point of beginning.

Our disposition of this case makes it unnecessary to consider the remaining assignments of error.

Reversed and remanded.

Judges ARNOLD and PARKER concur.