OWEN MANLEY JONES v. O. J. CARROLL, JR. AND WIFE, GENEVA CARROLL

No. 8813DC217

(Filed 20 September 1988)

**Easements § 5.3— easement by implication—alternate means of ingress and egress —reasonable necessity for easement**

The trial court's findings of fact were sufficient to support its conclusion that an easement by implication existed across defendants' land where the court found that title was separated when the parties' common predecessor in title divided the property he owned and conveyed the pieces of property in question to his two sons; the road in question was used before the separation, and the parties intended it to be permanent; that the road was extended in 1938 and moved in 1945 was of no consequence because these changes were made with the consent of all interested parties; and the road across defendants' property was reasonably necessary for the use, benefit, and enjoyment of plaintiff's property, even though an alternate means of ingress and egress existed, since it would have cost a large sum of money to make the other route usable, and the original parties intended the use of the road in question.

APPEAL by defendants from *Gore, Judge*. Judgment entered 12 October 1987 in District Court, BLADEN County. Heard in the Court of Appeals 7 September 1988.

This is a civil action wherein plaintiff seeks to establish an easement across the land of defendants. Following presentation of evidence of both parties the trial judge made findings of fact which, except as quoted, are summarized as follows:

Defendants' 79 acres of land lie east of and adjacent to N.C. Highway 410 while plaintiff's 82.5 acres lie east of and adjacent to defendants' land. No part of plaintiff's land touches the highway.

Both pieces of property had a common predecessor in title, O. M. Jones, Sr. In 1936, the land now owned by defendants was conveyed by Jones to his son, J. B. Jones. In 1938, the other piece of property was conveyed by Jones to plaintiff. O. M. Jones, Sr., and his wife reserved life estates in each parcel. Jones died in 1938, and his wife died in 1951. After J. B. Jones' death, his widow became fee simple owner of the property which was subsequently conveyed to her daughter who then conveyed it to defendants in 1986.

Before 1936, a road about 20 feet wide existed leading from Highway 410 across the property now owned by defendants to a portion of plaintiff's property. The road was used by O. M. Jones, Sr., his family, farm workers and tenants for several years prior to 1936. In 1938, the road was extended because Highway 410 was moved. In 1945, all interested parties agreed to move the road 230 feet south to a location where it has been since then until defendants "disked up the road" and refused to allow plaintiff to cross their land.

In 1985, plaintiff was conveyed a right-of-way which connects another portion of his property to State Road 1112. Plaintiff has built no road to his property across the right-of-way. The cost of doing so would be from $1,000 to $4,000. The court found that it would cost $400 to rebuild the road which was disked up, and found that the road across defendants' property is "reasonably necessary for the use, benefit and enjoyment of the plaintiff's property. . . ." The court further found that the common predecessor in title "expected and anticipated that the easement would run with the land. . . ."

The court concluded that plaintiff is entitled to a 20-foot easement and $400 in damages. It then entered judgment, and defendants appealed.

*Hester, Grady, Hester & Greene, by Gary A. Grady, for plaintiff, appellee.*

*Lee and Lee, by J. Stanley Carmical, for defendants, appellants.*

HEDRICK, Chief Judge.

Defendants base their only argument on 13 assignments of error and 13 exceptions noted in the record. While the assignments of error and exceptions raise a question of the sufficiency of evidence to support the findings of fact and conclusions of law based thereon, defendants only argue in their brief that the trial court incorrectly applied the law to the set of facts in this case, and that an easement should not have been found to exist.

We have reviewed the evidence, however, and we find it is sufficient to support the findings of fact made by the trial court. As for the conclusion based upon those findings of fact that an easement existed, the essentials of an easement by implication were set out in *Barwick v. Rouse*, 245 N.C. 391, 394, 95 S.E. 2d 869, 871 (1957):

> (1) A separation of the title; (2) before the separation took place, the use which gives rise to the easement shall have been so long continued and so obvious or manifest as to show that it was meant to be permanent; and (3) the easement shall be necessary to the beneficial enjoyment of the land granted or retained.

In this case, the trial court found that title was separated when O. M. Jones, Sr., divided the property he owned and conveyed the pieces of property in question to his two sons. This satisfies the requirement of separation of title. Likewise, the second requirement was satisfied because the road was used before the separation, and the parties intended it to be permanent. It has been openly and continuously used since then. That the road was extended in 1938 to meet Highway 410 and moved in 1945 is of no consequence. When there is no express grant providing otherwise, the location of an easement may only be changed by consent of both the landowner and easement owner. *Cooke v. Electric Membership Corp.*, 245 N.C. 453, 96 S.E. 2d 351 (1957). In this case, the trial court found that all location changes were made with the consent of all interested parties, and therefore the location of the road was properly changed.

As for the third requirement, defendants argue the easement is not necessary since another ingress and egress to a state road is now available to plaintiff's land. Although other jurisdictions

require strict necessity for an easement by implication, it is well-established in this state that only reasonable necessity is required. *Dorman v. Ranch, Inc.*, 6 N.C. App. 497, 170 S.E. 2d 509 (1969). In this case, the trial court found the road across defendants' property "is reasonably necessary for the use, benefit and enjoyment of the plaintiff's property by him and his family." Evidence of an alternate ingress and egress is not conclusive proof that an implied easement is not reasonably necessary. *McGee v. McGee*, 32 N.C. App. 726, 233 S.E. 2d 675 (1977). Therefore, the trial court under the facts of this case did not err. The trial court found it would have cost a large amount of money to make the other easement usable, and that the original parties intended the use of the road in question. Defendants' argument has no merit.

Affirmed.

Judges ARNOLD and WELLS concur.