WILBURN REID MECIMORE AND WIFE, MILLIE M. MECIMORE; DOROTHY MECIMORE BEBBER AND HUSBAND, JOHN LITTLE BEBBER v. TOMMY J. COTHREN AND WIFE, BARBARA COTHREN

No. 9222DC287

(Filed 20 April 1993)

1. **Easements § 62 (NCI4th) — easement by prescription — sufficiency of evidence**

    Plaintiffs provided sufficient evidence tending to show that they had acquired an easement by prescription over defendants' property, thus supporting the trial court's denial of defendants' motions for a directed verdict and for judgment n.o.v. where plaintiffs' evidence tended to show that they and their predecessors never requested and never received from defendants permission to use the driveway going from plaintiffs' land, across defendants' land, to a public highway; plaintiffs and their predecessors used the driveway exclusively from 1942 until 1988, and often from 1988 until 1990; and plaintiffs and their predecessors maintained the driveway by scraping, clearing sand, and removing brush from the road.

2. **Easements § 62 (NCI4th) — easement by prescription — other means of access — effect on permissive use presumption**

    In an action to establish an easement over defendants' land, evidence of the existence of another means of access did not destroy plaintiffs' rebuttal of the permissive use presumption.

MECIMORE v. COTHREN

[109 N.C. App. 650 (1993)]

3. **Easements § 66 (NCI4th)— easement by prescription—jury verdict not inconsistent**

In an action to establish an easement across defendants' land, there was no merit to defendants' contention that the jury's verdict was inconsistent, since it was not contradictory for the jury to find that plaintiffs acquired an easement by prescription, but did not acquire an easement by implication.

4. **Slander of Title § 1 (NCI3d)— filing of action to establish easement—lis pendens—no slander of title**

In plaintiffs' action to establish an easement across defendants' land, the trial court properly dismissed defendants' counterclaim of slander of title, which was based on plaintiffs' filing a complaint and notice of lis pendens at the time defendants were negotiating a sale of their property, allegedly causing defendants to lose the sale, since the court properly found that plaintiffs did indeed acquire a prescriptive easement in defendants' property, and defendants thus failed to prove the elements of slander of title, which are (1) the uttering of slanderous words in regard to the title of someone's property, (2) the falsity of the words, (3) malice, and (4) special damages.

**Am Jur 2d, Libel and Slander § 541.**

**Sufficiency of plaintiff's interest in real property to maintain action for slander of title. 86 ALR4th 738.**

Appeal by defendants from judgment entered 30 October 1991, in Alexander County District Court by Judge Samuel A. Cathey. Heard in the Court of Appeals 26 February 1993.

*L. Dale Graham for plaintiff-appellee.*

*Edward Jennings for defendant-appellant.*

McCRODDEN, Judge.

Plaintiffs initiated this action to establish a dirt and gravel easement across defendants' property as a means to get to and from their land. Defendants answered and counterclaimed, alleging slander of title. On appeal, defendants pose questions of whether plaintiffs' evidence of adverse possession was sufficient to take their case to the jury and whether the trial court properly dismissed defendants' counterclaim.

MECIMORE v. COTHREN

[109 N.C. App. 650 (1993)]

Plaintiffs' evidence tended to show that on 2 January 1942, G.E. Mecimore, father of the plaintiffs Wilburn Reed Mecimore (plaintiff Mecimore) and Dorothy Mecimore Bebber (plaintiff Bebber), acquired by deed from Carl W. Watts and wife a tract of approximately 97 acres of land located east of Glade Creek in Alexander County. In 1978, G.E. Mecimore devised the southern half of his property to plaintiff Mecimore and the northern portion to plaintiff Bebber. The Watts family owned property west of Glade Creek adjacent to the Mecimore property until 1989, when the defendants purchased the property from Carl Watts, Jr.

This controversy arose out of plaintiffs' use of the portion of a dirt and gravel driveway which is located on the defendants' land. The driveway, which has existed in approximately the same location since at least 1942, runs from rural paved road 1608 through the defendants' property to plaintiff Mecimore's property. From at least 1920 until 1988, the dirt and gravel driveway was the only road which led onto the property of the plaintiffs, and the plaintiffs and their predecessors used the road as the sole means of ingress to and egress from their property. Plaintiffs' friends and business associates, such as Carnation Milk Company, also used the driveway as the sole access to plaintiffs' property until 1988.

In 1988, plaintiff Mecimore was granted permission by his son, Ronald Mecimore, to construct a roadway from rural paved road 1608 through his son's property to plaintiff Mecimore's property as a secondary access. This roadway does not extend to plaintiff Bebber's property. Ronald Mecimore has given the plaintiffs permission to use this roadway, but has never granted the plaintiffs an easement through his property. After the secondary roadway was built, the plaintiffs continued to use the dirt and gravel driveway until the defendants closed the driveway on 20 September 1990.

Plaintiffs' evidence further showed that the plaintiffs and their predecessors provided notice to the Watts family and the defendants of their continual use and maintenance of the driveway. The plaintiffs never requested and never received permission to use the dirt and gravel driveway, and, until it was closed, they maintained it by scraping, clearing sand, and removing brush from the road. Plaintiff Bebber's property is completely landlocked, with the driveway being the only means of access to her property. Although plaintiff Bebber does not live on her property, at the

time of trial she visited it at least once a month and, until the driveway was closed, she used it exclusively to access her property.

The court granted plaintiffs' motion to dismiss defendants' counterclaim alleging slander of title. It denied the defendants' motions for directed verdict, made at the close of plaintiffs' evidence, and for judgment notwithstanding the verdict, made after the jury found that plaintiffs had established an easement by prescription. From judgment entered on the verdict, defendants appeal.

---

We turn now to defendants' two assignments of error which are (1) whether the trial judge, pursuant to N.C. Gen. Stat. § 1A-1, Rules 50(a) & (b) (1990), properly denied the defendants' motions for directed verdict and for judgment notwithstanding the verdict and (2) whether he properly allowed the plaintiffs' motion to dismiss defendants' counterclaim. We hold that plaintiffs' evidence tending to establish a prescriptive easement was sufficient to survive defendants' motions and that the trial court properly dismissed defendants' counterclaim.

Defendants are entitled to a directed verdict and, thus, a judgment notwithstanding the verdict only if the evidence, when considered in the light most favorable to the plaintiffs, fails to show the existence of each element required to establish an easement by prescription. *Potts v. Burnette*, 301 N.C. 663, 665, 273 S.E.2d 285, 287 (1981). When determining whether the evidence is sufficient to go to the jury, plaintiffs are entitled to the benefit of every reasonable inference which may be legitimately drawn from the evidence, and all evidentiary conflicts must be resolved in favor of the plaintiffs. *Id.*

In order to prevail in an action to establish an easement by prescription or adverse use, plaintiffs must prove the following elements:

(1) [T]hat the use is adverse, hostile or under claim of right; (2) that the use has been open and notorious such that the true owner had notice of the claim; (3) that the use has been continuous and uninterrupted for a period of at least twenty years; and (4) that there is substantial identity of the easement claimed throughout the twenty-year period.

*Id.* at 666, 273 S.E.2d at 287-88. Defendants contend that, of the four elements, plaintiffs failed to establish that their use of the

driveway was "adverse, hostile, or under claim of right." To the contrary, defendants claim that plaintiffs' use of the driveway was permissive and inconsistent with their claim for a prescriptive easement. We disagree and find that plaintiffs' evidence on this element was sufficient to take the case to the jury.

Under North Carolina law, a presumption exists that the use of a roadway over another's property is permissive. *Dickinson v. Pake*, 284 N.C. 576, 580, 201 S.E.2d 897, 900 (1974). To rebut the presumption, plaintiffs must show that the use was not permissive, but the plaintiffs need not show that there was a heated controversy, or a manifestation of ill will, or that the claimant was an enemy of the owner of the servient estate. *Id.* at 580-81, 201 S.E.2d at 900. A "hostile" use is simply a use of such nature and exercised under such circumstances as to manifest and give notice that the use is being made under a claim of right. *Id.* at 581, 201 S.E.2d at 900.

[1] In *Potts v. Burnette, supra*, the Supreme Court determined that the presumption of permissive use may be overcome where the evidence tends to show that the plaintiffs never sought nor were given permission to use the road, that they used the road exclusively for the twenty-year period, and that they performed maintenance on the roadway. 301 N.C. 663, 273 S.E.2d 285. In the instant case, the evidence, considered in the light most favorable to the plaintiffs, similarly shows that they and their predecessors never requested and never received permission to use the driveway; they and their predecessors used the driveway exclusively from 1942 until 1988, and often from 1988 until 1990; and they and their predecessors maintained the driveway by scraping, clearing sand, and removing brush from the road.

[2] Defendants contend that because plaintiff Mecimore built a road over his son's property in 1988, which provided plaintiff Mecimore with another means of access to his property, plaintiffs failed to show adverse or hostile use of the driveway. Although both *Potts* and *Dickinson* dealt with disputed roadways which were the sole routes of ingress to and egress from plaintiffs' land, the existence of another means of access does not destroy plaintiffs' rebuttal of the permissive use presumption. *Presley v. Griggs*, 88 N.C. App. 226, 362 S.E.2d 830 (1987). In *Oshita v. Hill*, 65 N.C. App. 326, 330, 308 S.E.2d 923, 926 (1983), this Court found that it did not matter that plaintiffs had other ways to get to and from their property during the years that the prescriptive right

was being established, because an easement by prescription, unlike a statutory cartway, is not based upon need but upon use. That plaintiffs' predecessors had another way available to them tends to support plaintiffs' claim that the use was not permissive, since, nothing else appearing, there is no reason to give a way to one who already has one. *Id.*

[3] In defendants' first argument, they also complain that the jury's verdict was inconsistent. At trial, two issues were submitted to and answered by the jury:

1. Have the plaintiffs . . . acquired an easement over the land of the defendant . . . by adverse use of the road described in the Complaint for a period of twenty (20) years before this action was filed on October 30, 1990?

Answer: Yes.

2. Are the plaintiffs . . . owners of an easement of ingress and egress on the land of the defendants . . . ?

Answer: No.

Our Courts have held that where a jury's answers to the issues submitted are so contradictory as to invalidate the judgment, the practice of the court is to grant a new trial, because of the evident confusion. *Palmer v. Jennette*, 227 N.C. 377, 379, 42 S.E.2d 345, 347 (1947). Because the two issues in the instant case raise different questions, however, we find that the jury's answers support the judgment and reflect no confusion on the part of the jury. In the first issue, the trial judge instructed the jury to determine whether the plaintiffs acquired an easement by prescription. In the second issue, the jury decided whether the plaintiffs acquired an easement by implication, *i.e.*, whether an easement was implied on separation of title or by necessity. *See, e.g., Jones v. Carroll*, 91 N.C. App. 438, 371 S.E.2d 725 (1988). It was not contradictory for the jury to find that the plaintiffs acquired an easement by prescription, but did not acquire an easement by implication.

[4] In defendants' second assignment of error, they contend that the trial court improperly dismissed their counterclaim for slander of title. The elements of slander of title are (1) the uttering of slanderous words in regard to the title of someone's property, (2) the falsity of the words, (3) malice, and (4) special damages. *Allen v. Duvall*, 63 N.C. App. 342, 345, 304 S.E.2d 789, 791 (1983), *rev'd*

*on other grounds*, 311 N.C. 245, 316 S.E.2d 267 (1984). Defendants alleged slander of title because plaintiffs filed a complaint and notice of *lis pendens* at the time defendants were negotiating a sale of their property, allegedly causing the defendants to lose the sale. Since we are upholding the verdict that the plaintiffs acquired a prescriptive easement in defendants' property, their action against defendants did not constitute slander of title, and we consequently find that the defendants' second assignment of error is without merit.

In summary, we find that the plaintiffs provided sufficient evidence tending to show that they had acquired an easement by prescription over defendants' property, thus supporting the trial court's denial of defendants' motions for a directed verdict and for judgment notwithstanding the verdict. In addition, we find that the trial court properly dismissed defendants' counterclaim of slander of title.

The judgment from which the defendants appeal is affirmed.

Affirmed.

Chief Judge ARNOLD and Judge GREENE concur.