W. A. CHAPPELL AND WIFE, MARGARET W. CHAPPELL, PLAINTIFF-APPELLANTS v. JACK A. DONNELLY AND WIFE, DOROTHY D. DONNELLY, DEFENDANT-APPELLEES

No. 929SC808

(Filed 15 February 1994)

1. Quieting Title § 17 (NCI4th) — complaint to quiet title — no processioning proceeding

The trial court properly treated plaintiffs' complaint as one seeking to quiet title under N.C.G.S. § 41-10 instead of one in a processioning proceeding under N.C.G.S. § 38-1, since the complaint questioned the boundary lines set out in defendants' deed, sought the quieting of plaintiffs' title to the contested strip of land, and requested plaintiffs be declared fee simple owners of the disputed area, while defendants asserted ownership of the tract in question by reason of adverse possession under color of title.

Am Jur 2d, Quieting Title and Determination of Adverse Claims §§ 73 et seq.

2. Quieting Title § 27 (NCI4th) — deeds in evidence — no on-the-ground location — directed verdict for defendants proper

The trial court properly granted defendants' motion for directed verdict in an action to quiet title where plaintiffs offered the deeds in their record title to establish ownership but failed to tender any evidence indicating the on-the-ground location of the disputed boundary lines referenced in those deeds, and plaintiffs thus failed to prove an essential element of their case.

Am Jur 2d, Quieting Title and Determination of Adverse Claims §§ 78 et seq.

Appeal by plaintiffs from judgment filed 29 June 1992 by Judge Dexter Brooks in Granville County Superior Court. Heard in the Court of Appeals 15 June 1993.

*John H. Pike for plaintiff-appellants.*

*Edmundson & Burnette, by R. Gene Edmundson and J. Thomas Burnette, for defendant-appellees.*

CHAPPELL v. DONNELLY

[113 N.C. App. 626 (1994)]

JOHN, Judge.

In this action, plaintiffs seek to establish the boundary lines between two contiguous parcels of land owned respectively by plaintiffs and defendants. They contend the court below erred by granting defendants' motion at trial for a directed verdict. We disagree.

The pleadings and evidence before the trial court tend to show plaintiffs and defendants are the record owners of two adjacent plots of land located in Granville County. According to the parties' respective deeds, plaintiffs' tract contains 73.41 acres, while defendants' measures 1.571 acres. As the result of a controversy regarding the proper boundary between the two tracts, plaintiffs filed a complaint pursuant to N.C.G.S. § 38-1 (1984). They alleged defendants were in wrongful possession of an approximately 22' by 332' strip of plaintiffs' land, and further contested the accuracy of certain boundary lines described in defendants' deed. Defendants answered, (1) admitting determination of the proper boundary lines was at issue; (2) denying wrongful possession; and (3) counterclaiming for ownership by adverse possession of the disputed strip.

At trial on 16 March 1992, plaintiffs offered evidence that they and their predecessors in interest had been vested with title to the 73.41 acre tract for more than 30 years and that the parties derived title from a common source. Plaintiffs also produced two registered land surveyors who testified concerning surveys made of the disputed property. At the close of plaintiffs' evidence, the trial court granted defendants' motion for a directed verdict. Defendants thereafter took a voluntary dismissal as to their counterclaim.

I.

[1] Initially, we note plaintiffs commenced this matter under N.C.G.S. § 38-1 (1984), "Special proceeding to establish [boundaries]." Where the *only* issue to be determined is the location of a dividing line between two parcels of land, the appropriate action is a processioning proceeding as provided by G.S. § 38-1. *Cobb v. Spurlin*, 73 N.C. App. 560, 562, 327 S.E.2d 244, 246 (1985). Ordinarily, such a proceeding is tried before the Clerk of Superior Court of the county wherein the property lies, G.S. § 38-3(a); *Strickland v. Kornegay*, 240 N.C. 758, 760, 83 S.E.2d 903, 904 (1954), however, the Clerk's authority is purely statutory in nature. *Pruden v. Keemer*, 262 N.C. 212, 216, 136 S.E.2d 604, 607 (1964). In the event *title*

*to the land* is put in issue, the Clerk may not hear the case, but must transfer it to the Superior Court where it becomes, in effect, an action to quiet title pursuant to N.C.G.S. § 41-10 (1984). *Cobb*, 73 N.C. App. at 562, 327 S.E.2d at 246; *see also* John C. Cooke, *Litigation of Boundary and Title Disputes*, NORTH CAROLINA BOUNDARY LAW AND ADJOINING LANDOWNER DISPUTES 407-39 (James B. McLaughlin, Jr. *et al.* 1989) (discussion of relationship between G.S. § 38-1 and G.S. § 41-10 and description of procedures applicable under each).

In the case *sub judice*, plaintiffs' complaint: (1) questioned the boundary lines set out in defendants' deed; (2) sought the quieting of plaintiffs' title to the contested strip of land; and (3) requested plaintiffs be declared owners, in fee simple, of the disputed area. Furthermore, defendants asserted ownership of the tract in question by reason of adverse possession under color of title. These allegations placed in issue title to the portion of land in controversy. Accordingly, the trial court acted properly in treating plaintiff's complaint as one seeking to quiet title under G.S. § 41-10. *See Lane v. Lane*, 255 N.C. 444, 449, 121 S.E.2d 893, 897-98 (1961).

II.

Plaintiffs' sole contention is that the trial court erred by granting defendants' motion for a directed verdict—thereby dismissing plaintiffs' claim. Were this a processioning proceeding under N.C.G.S. § 38-1 (1984), plaintiffs' argument might be persuasive as a directed verdict is ordinarily improper in such a proceeding. *Beal v. Dellinger*, 38 N.C. App. 732, 734, 248 S.E.2d 775, 776 (1978). However, as previously discussed, the trial court properly treated this action as one to quiet title under N.C.G.S. § 41-10 (1984). Accordingly, a directed verdict was appropriate if, as a matter of law, the evidence was insufficient to take the case to the jury. *Felts v. Liberty Emergency Service*, 97 N.C. App. 381, 382, 388 S.E.2d 619, 620 (1990). When a court considers the propriety of a directed verdict motion, "plaintiffs are entitled to the benefit of every reasonable inference which may be legitimately drawn from the evidence, and all evidentiary conflicts must be resolved in favor of the plaintiffs." *Mecimore v. Cothren*, 109 N.C. App. 650, 653, 428 S.E.2d 470, 472, *disc. review denied*, 334 N.C. 621, 435 S.E.2d 336 (1993). However, a directed verdict should be entered if the evidence, so considered,

CHAPPELL v. DONNELLY

[113 N.C. App. 626 (1994)]

fails to show the existence of each element required to establish the cause of action pursued by the plaintiffs. *Id.*

In an action to quiet title under G.S. § 41-10, plaintiffs bear the burden of proving valid title in themselves. *Heath v. Turner*, 309 N.C. 483, 488, 308 S.E.2d 244, 247 (1983). This may be accomplished by either (1) reliance on the Real Property Marketable Title Act, *or* (2) utilization of traditional methods of proving title. *Heath*, 309 N.C. at 488, 308 S.E.2d at 247; *Poore v. Swan Quarter Farms, Inc.*, 94 N.C. App. 530, 533, 380 S.E.2d 577, 578, *modified*, 95 N.C. App. 449, 382 S.E.2d 835 (1989), *disc. review denied*, 326 N.C. 50, 389 S.E.2d 93-94 (1990). The latter are set out in the oft-cited case of *Mobley v. Griffin*, 104 N.C. 112, 10 S.E. 142 (1889), and include adverse possession and the "common source of title" doctrine. *Id.* at 115, 10 S.E. at 142-43.

Regardless of the method utilized to prove title, plaintiffs, in order to present a *prima facie* case, must also show that the disputed tract lies within the boundaries of their property. *See Cutts v. Casey*, 271 N.C. 165, 167, 155 S.E.2d 519, 521 (1967); *Batson v. Bell*, 249 N.C. 718, 719, 107 S.E.2d 562, 563 (1959). Plaintiffs thus bear the burden of establishing the on-the-ground location of the boundary lines which they claim. *Virginia Electric and Power Co. v. Tillet*, 80 N.C. App. 383, 391, 343 S.E.2d 188, 194, *disc. review denied*, 317 N.C. 715, 347 S.E.2d 457 (1986). If they introduce deeds into evidence as proof of title, they must "locate the land by fitting the description in the deeds to the earth's surface." *Andrews v. Bruton*, 242 N.C. 93, 96, 86 S.E.2d 786, 788 (1955). Moreover, if plaintiffs seek to establish title by means of adverse possession (without color of title), they are "required to establish the known and visible lines and boundaries of the land actually occupied for the statutory period." *Id.*

### A.

As previously discussed, *prima facie* evidence of title may be established by reliance upon either (1) the Real Property Marketable Title Act or (2) traditional methods of proving title. *Heath v. Turner*, 309 N.C. 483, 488, 308 S.E.2d 244, 247 (1983). From our review of the case *sub judice*, it appears plaintiffs elected the "common source of title" doctrine. In order to make a *prima facie* showing of title under this approach, plaintiffs were required to connect both themselves and defendants with a common source of title and then show in themselves a better title from that source.

CHAPPELL v. DONNELLY

[113 N.C. App. 626 (1994)]

*Poore v. Swan Quarter*, 94 N.C. App. at 533, 380 S.E.2d at 578. However, because plaintiffs have otherwise failed to establish a *prima facie* case, we need not examine the adequacy of their effort to establish record title to the disputed property.

B.

[2] Because defendants contested plaintiffs' alleged title to the land in controversy, plaintiffs (in addition to establishing *prima facie* evidence of record title) were also required to demonstrate the disputed strip lay within the boundaries provided in their record title by showing the on-the-ground location of those boundaries. *Virginia Electric*, 80 N.C. App. at 391, 343 S.E.2d at 194. This aspect of plaintiffs' proof is also known as "putting the land on the ground." As our Supreme Court has observed, this is a factual question: "[w]hat are the boundaries is a matter of law to be determined by the court from the description set out in the conveyance. Where those boundaries may be located on the ground is a factual question to be resolved by the jury." *Batson v. Bell*, 249 N.C. 718, 719, 107 S.E.2d 562, 563 (1959). When, as here, plaintiffs rely upon their deeds as proof of title, evidence of the on-the-ground location of boundaries set out in the deeds is ordinarily presented by a surveyor who has surveyed plaintiffs' property using descriptions contained in plaintiffs' deeds. Such evidence is required since "[a]s to the *identity* of the land . . . a deed seldom, if ever, proves itself." *Seawell v. Boone's Mill Fishing Club, Inc.*, 249 N.C. 402, 405, 106 S.E.2d 486, 488 (1959) (emphasis added). N.C.G.S. § 8-39 (1986) provides for the use of parol evidence to identify the location of the land described in the deed. However, this evidence cannot enlarge the scope of the descriptive words because "[t]he purpose of parol evidence is to fit the description to the property, not to create a description." *McDaris v. Breit Bar "T" Corp.*, 265 N.C. 298, 300, 144 S.E.2d 59, 61 (1965).

In the case *sub judice*, plaintiffs offered the deeds in their record title to establish ownership, but failed to tender any evidence indicating the on-the-ground location of the *disputed* boundary lines referenced in those deeds. Instead, plaintiffs' evidence focused upon the boundary lines contained in *defendants' chain of title* in an attempt to show error in the metes-and-bounds description in one of those deeds. Registered Surveyor Grimes, a witness for plaintiffs, stated he conducted a survey of plaintiffs' property. However, our review of the record reveals he never testified *where* plaintiffs'

CHAPPELL v. DONNELLY

[113 N.C. App. 626 (1994)]

relevant boundary lines were located. On cross-examination, he *did* speak to several lines contained in plaintiffs' deeds, but those lines were not controverted. No other evidence was produced indicating the location of plaintiffs' contested boundary lines. As plaintiffs failed to prove an essential element of their case, the trial court properly granted defendants' motion for a directed verdict. *See Mecimore v. Cothren,* 109 N.C. App. 650, 653, 428 S.E.2d 470, 472, *disc. review denied,* 334 N.C. 621, 435 S.E.2d 336 (1993).

We note further that testimony concerning the boundary lines was presented primarily with reference to plaintiffs' Exhibit #1, a map prepared by Surveyor Grimes. This survey map was not properly made a part of the appellate record, but instead was included only in the appendix to plaintiffs' brief. This is a violation of our Appellate Rules, specifically Rules 9(a)(1)(j) and (d)(1). *See District Board v. Blue Ridge Plating Co.,* 110 N.C. App. 386, 391, 430 S.E.2d 282, 286-87 (1993) ("a party's appendix is not deemed part of the record"); *see also Watts v. Cumberland County Hosp. System, Inc.,* 75 N.C. App. 1, 21-22, 330 S.E.2d 242, 255-56 (1985), *reversed in part on other grounds,* 317 N.C. 321, 345 S.E.2d 201 (1986). While non-compliance with the Appellate Rules renders an appeal susceptible to dismissal, we have nevertheless considered the merits of the parties' arguments because it is evident (from the record which is properly before us) that plaintiffs failed to fit the description in their deeds to the earth's surface. Additionally, as our decision does not have the effect of adjudicating title to the disputed property, *see Virginia Electric,* 80 N.C. App. at 388-89, 343 S.E.2d at 192-93 and *Allen v. Conservative Hunting Club,* 14 N.C. App. 697, 703, 189 S.E.2d 532, 535 (1972), our analysis may assist in the event of further litigation between the parties.

Affirmed.

Judges JOHNSON and WYNN concur.